**Audrey Jean WINCHESTER, a/k/a Audrey Jean Porter, Appellant,**

v.

**The STATE of Texas.**

Nos. 2–93–407–CR, 2–93–408–CR.

Court of Appeals of Texas, Fort Worth.

July 19, 1994.

Discretionary Review Refused Sept. 21 and Oct. 19, 1994.

David L. Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs Appellate Section, John A. Stride, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

Audrey Jean Winchester appeals from entry of judgments in the trial court revoking her probations and proceeding to an adjudication in two cases. Following the adjudications, the trial court assessed her punishment at six years' confinement in the Texas Department of Criminal Justice, Institutional Division. She contends in a single point of error that her written jury waiver in each case was incomplete because it failed to specify the nature of the plea she was going to enter in the cases.

We affirm because we hold that there was no omission in the waiver, or, alternatively, that if there were it is immaterial to Winchester's waiver of the right to jury trial.

In both of the two cases involved in this appeal, Winchester waived her right to a jury trial by executing the following waiver:

### WAIVER OF JURY TRIAL

Comes now the Defendant in the above styled and numbered cause and in open Court makes known that he will enter a Plea of _____ Guilty to the charge herein, and requests the consent and approval of the Court and the Attorney for the State to waive the right to trial by a Jury herein.

Winchester pleaded guilty after executing this waiver. Article 1.13 of the Texas Code of Criminal Procedure provides that the defendant in criminal prosecutions such as were involved here have the right, upon entering a plea, to waive the right of trial by jury, conditioned that the waiver be made in person by the defendant in writing in open court with the consent and approval of the court and the attorney representing the State.

One can tell from examining this waiver form that it was executed as intended when one is pleading guilty, with the word "not" to be added in the event that one was waiving a jury upon a plea of "not guilty." Winchester fails to suggest what word might have been supposed to be included in the blank when the defendant is pleading guilty.

Even in the event that the word was omitted, we note that the waiver form meets all the requisites for a valid waiver contained in article 1.13 of the Texas Code of Criminal Procedure. We are not aware of any requirement that the defendant, upon waiving jury trial in connection with the entry of a plea, is required to specify upon the waiver form the particular plea to be entered. The defendant must only indicate the desire to waive the right of jury trial, whatever the plea might be.

Winchester relies on the cases of *Ex parte Felton*, 590 S.W.2d 471 (Tex.Crim.App.1979), *overruled on other grounds, Ex parte Sadberry*, 864 S.W.2d 541 (Tex.Crim.App.1993) and *Guillett v. State*, 677 S.W.2d 46 (Tex. Crim.App.1984). We find both of those cases to be distinguishable. In *Felton*, the Court of Criminal Appeals held that an unsigned waiver of jury trial was not valid since in that

event it was not made in writing by the defendant. *Ex parte Felton*, 590 S.W.2d at 472. In *Guillett*, where there was no waiver in the record at all, the court held that on appeal a waiver of jury trial was not to be presumed from a silent record. *Guillett*, 677 S.W.2d at 49. As noted, the waiver in this case does appear in the record and it is signed by the defendant. We overrule Winchester's sole point of error.

The judgment is affirmed.