Ex parte James Ernest LYLES.

No. 72019.

Court of Criminal Appeals of Texas.

Feb. 1, 1995.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., John S. Klassen, Asst. Dist. Atty., Houston, and Robert Hittash, State's Atty., Austin, for the State.

## OPINION

MALONEY, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P. In a trial before the court Applicant was convicted of theft. Punishment, enhanced with two prior convictions, was assessed at forty years of confinement. The conviction was affirmed. *Lyles v. State*, No. 01–92–817–CR, 1993 WL 143375 (Tex.App.—Houston [1st], delivered May 5, 1993).

Applicant contends, among other things, that he was denied his right to a jury trial. An affidavit from Applicant's trial counsel states that counsel told Applicant they would try the case to the judge and that Applicant voiced no objection. Applicant's affidavit states that neither the trial court nor counsel asked Applicant if he wanted to waive a jury trial. Applicant asserts he did not want to waive a jury trial and he did not sign any jury waiver. Applicant avers counsel told him they were going to have the trial to the court and then the trial began. The trial court entered findings of fact. The court found the judgment recites Applicant waived in writing his right to a jury trial. The court found there was no written waiver in the record, there was no oral waiver in the statement of facts, and the trial court did not ask Applicant if he waived his right to a jury trial.

The presumption of regularity in the judgment's recital concerning a written jury waiver has been overcome by the evidence in support of this application. See *Breazeale v. State*, 683 S.W.2d 446 (Tex.Cr. App.1984). However, the absence of a written jury waiver is not a ground for setting aside a conviction by habeas corpus. *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Cr. App.1993).

In *Sadberry*, this Court pointed out that the applicant was not contending he was denied his constitutional right to a jury trial or that he did not agree to waive that right. *Id.* at 543. In *Meek v. State*, 851 S.W.2d 868, 870–71 (Tex.Cr.App.1993), we noted the inviolate nature of a defendant's right to trial by jury. This Court has recognized the right to a jury trial is fundamental to the proper

functioning of our adjudicatory process. *Marin v. State,* 851 S.W.2d 275, 278–79 (Tex. Cr.App.1993). Habeas corpus review is available for the denial of fundamental or constitutional rights. *Sadberry,* 864 S.W.2d at 542–43. Because of its fundamental nature, we conclude that the denial of the constitutional right to a jury trial is a matter for habeas corpus review.

A defendant's right to a jury trial is not extinguished by inaction alone. *Marin,* 851 S.W.2d at 278–79. If a defendant wants to relinquish this right, he must expressly do so. *Id.* In the present case, Applicant did not expressly waive, in any form to the trial court, his right to a jury trial. Consequently, his right to a jury trial went unobserved.

The judgment in Cause No. 615777 in the 339th District Court of Harris County is set aside and it is ordered that Applicant be returned to the custody of the Harris County Sheriff to answer the indictment in this cause.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.