**The STATE of Texas, Appellant,**

v.

**Miguel A. GARCIA, Appellee.**

No. 04–94–00341–CR.

Court of Appeals of Texas,
San Antonio.

May 10, 1995.

Rehearing Overruled July 10, 1995.

Discretionary Review Refused
Nov. 22, 1995.

Steven C. Hilbig, Crim. Dist. Atty., San Antonio, for appellant.

Melaina L. Hood, Boerne, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

The State appeals from an order quashing a portion of the indictment. The issue presented to the trial court was whether, in a previous conviction, the defendant had waived his right to a jury trial in accordance with Article 1.13. The trial court found that he had not. The issue now presented to this Court is whether the trial court abused its discretion by granting the motion to quash. *See Jones v. State,* 672 S.W.2d 798, 800 (Tex. Crim.App.1984) (applying abuse of discretion standard). We find that the trial court did abuse its discretion and thus we reverse.

Miguel Angel Garcia was charged with driving while intoxicated. His indictment alleged two prior D.W.I. convictions which enhanced the primary offense from a misdemeanor to a felony. In a motion to quash, Garcia collaterally attacked one of his prior convictions. He advanced the contention that the prior conviction was void because he had not waived his right to a jury trial in accordance with Article 1.13. *See* Tex.Code Crim.Proc.Ann. art. 1.13a (Vernon Supp. 1995) (reproduced in footnote).[1]

At the hearing on the motion to quash, the trial judge declared that the defendant "has to waive his right [to a jury trial] in writing and he did not." The judge then quashed the portion of the indictment alleging that particular underlying conviction, which reduced the primary offense to a misdemeanor. Thus deprived of jurisdiction, the District Court dismissed the case.

The waiver form in dispute reads:

## WAIVER OF CONSTITUTIONAL RIGHTS

You have a right to have an attorney.

You have a right to have a Jury Trial.

You have a right to have the witnesses in this case come to Court to testify under oath and for you or your attorney to ask them questions. You have a right to have the papers that charge you with this offense read word for word to you in open court. These papers are called "the information."

I understand that if I am not a citizen of the United States of America a plea of guilty or no contest for the offense charged may result in deportation, the exclusion from admission to this Country, or the denial of naturalization under federal law.

I certify that I have read the above Waiver of Constitutional rights and the Noncitizens Admonition and I have the intelligence and discretion to understand this Admonition, and that *I want to enter a plea of guilty.*

Date: 6–30–92 Signature: /s/ Miguel A. Garcia

■ We agree with the trial court that this form is not sufficient to satisfy the requirements of Article 1.13. The form affirms that Garcia has *read* that he has a right to a jury trial and that he *understands* that right. But the form does not affirm that he *waived* his right to a jury trial. Consequently, the form is not in compliance with Article 1.13. *See* Tex.Code Crim.Proc.Ann. art. 1.13a (Vernon Supp.1995). We conclude that the trial judge correctly determined that an error occurred in the previous criminal proceeding because Article 1.13 had not been satisfied.

■ We disagree with the trial judge, however, on the effect of the error. Garcia chose a collateral attack on his prior convic-

---

1. "The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea."

tion; the jury waiver issue was never raised in a direct appeal of that conviction. *See Chaouachi v. State,* 870 S.W.2d 88 (Tex. App.—San Antonio 1993, no writ) (reversing conviction on direct appeal because Article 1.13 not satisfied). In a collateral attack, a defendant can only succeed by demonstrating that the prior conviction was void. *Ex Parte Brown,* 145 Tex.Crim. 39, 165 S.W.2d 718, 720 (Tex.Crim.App.1942). Thus, Garcia must show some jurisdictional defect or denial of a fundamental or constitutional right occurring in that prior cause. *See Ex Parte Sadberry,* 864 S.W.2d 541, 542–43 (Tex.Crim.App.1993). This he has not done, and this he cannot do by simply proving a violation of Article 1.13. *Ex Parte Sadberry,* 864 S.W.2d at 543; *Townsend v. State,* 865 S.W.2d 469, 470 (Tex. Crim.App.1993) (Maloney, J. concurring).

The case law in Texas is clear: the failure to execute a proper Article 1.13 waiver constitutes an irregularity in the trial court proceeding, but such an irregularity does not render that proceeding void. *Ex Parte Sadberry,* 864 S.W.2d at 543; *Ex Parte Shields,* 550 S.W.2d 670, 675 (Tex.Crim.App. 1977) (op. on reh'g). Simply stated, although Garcia pointed out a legitimate error in the prior proceedings, that error is not of such a nature that it would void his conviction. Consequently, the trial judge abused his discretion by granting the motion to quash.

We note that in this Court Garcia contends only that he did not execute a written waiver of his right to a jury trial in compliance with Article 1.13. He does not allege that he made no jury waiver in any form. Such a contention, if it had been made and proved, would have supported the trial court's action in this case. *Ex Parte Lyles,* 891 S.W.2d 960 (Tex.Crim.App.1995). If indeed Garcia had never waived his right to trial by jury at all, then such an error would go far beyond mere irregularity in the proceedings below. *Id.* That type of error would be of a constitutional dimension and could render his underlying conviction void, even where the error was raised by a collateral attack. *Id.* Nevertheless, Garcia did not allege an error of this dimension in this Court.

Accordingly, we reverse the trial court's order quashing part of the indictment and dismissing the cause. We remand the cause for further proceedings consistent with this opinion.