**Thomas W. EGGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00654–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 29, 2001.

Royal K. Griffin, Law Office of Royal K. Griffin, San Antonio, for Appellant.

Scott Roberts, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

**OPINION**

Opinion by ALMA L. LÓPEZ, Justice.

On original submission, we reversed and remanded the judgment of the trial court based on the application of the *Helms* rule and its corollary. *Egger v. State,* No. 04–96–00654–CR, 1997 WL 184434, at *2 (Tex. App.—San Antonio 1997), *vacated,* No. 868–97, slip op. (Tex.Crim.App. June 28, 2000). The Texas Court of Criminal Appeals vacated our judgment and remanded

the case for reconsideration in light of *Young v. State*, 8 S.W.3d 656 (Tex.Crim. App.2000). Upon review of *Young*, we find that the *Helms* rule is inapplicable. We overrule appellant's issue and affirm the judgment of the trial court.

## BACKGROUND

Appellant Thomas W. Egger pled nolo contendere to the offense of driving while intoxicated ("DWI") and was found guilty by the trial court. There was no plea bargain. In his sole issue, Egger argues that the trial court erred in denying his third motion to set aside the information (motion to quash) based on a defect in his prior conviction which was used for enhancement purposes. Specifically, Egger contends that the prior conviction was void because he was never informed of his right to a jury trial; therefore, he could not have knowingly and voluntarily waived that right.

## *HELMS* RULE AS MODIFIED BY *YOUNG*

In *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972), the court of criminal appeals held that when a plea of guilty or nolo contendere is entered without the benefit of a plea bargain, all nonjurisdictional defects occurring prior to the entry of the plea are waived. *See Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App.1994); *see also King v. State*, 687 S.W.2d 762, 766 (Tex.Crim.App.1985) (guilty plea waived alleged error regarding trial court's ruling on motion to quash). The *Helms* rule did not defeat our jurisdiction, but only meant that a defendant would not ultimately prevail in his appeal because the alleged error had been waived. *See Jack*, 871 S.W.2d at 744.

In *Young*, the court of criminal appeals overruled *Helms* and adopted a new rule: "[w]hether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). The State argues that the judgment of guilt in this case is not independent of the trial court's ruling on the motion to quash. We agree. The judgment in the present case resulted in Egger receiving a sentence of one year in jail probated for two years. Had Egger been charged with ordinary DWI and not DWI, second offense, his maximum sentence would have been a possible term of incarceration of not more than six months in jail. *Compare* TEX. PEN.CODE ANN. § 12.22 (Vernon 1994), § 49.04 (Vernon Supp.2001), *with id.* § 12.21 (Vernon 1994), § 49.09(a) (Vernon Supp.2001).[1] The inclusion of the enhancement paragraph in the charging instrument was related to the judgment. Therefore, we must consider the merits of Egger's sole issue.

## WAIVER OF JURY TRIAL

Egger frames his issue in the following manner: "[t]he trial court erred in denying appellant's third motion to set aside the information (motion to quash) which was based upon a defect in the appellant's prior conviction." Egger's offense of driving while intoxicated was enhanced by a prior conviction for the same offense. Egger filed his third motion to set aside the information, arguing that the information was defective because the prior conviction "was procured without a knowing and vol-

---

1. Section 49.09(a) enhances the offense of DWI from a Class B misdemeanor to a Class A misdemeanor if the defendant has been previously convicted of one other DWI offense.

untary jury waiver or written waiver of the right to a jury signed by the defendant."

■ Egger never raised this jury waiver issue in a direct appeal of that conviction and has chosen instead a collateral attack. In a collateral attack, a defendant can only succeed by demonstrating that the prior conviction was void. *State v. Garcia*, 905 S.W.2d 7, 9 (Tex.App.—San Antonio 1995, pet. ref'd) (citing *Ex parte Brown*, 145 Tex.Crim. 39, 165 S.W.2d 718, 720 (Tex.Crim.App.1942)). Therefore, Egger must show some jurisdictional defect or denial of a fundamental or constitutional right occurring in that prior cause. *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993); *Garcia*, 905 S.W.2d at 9.

■ The failure to execute a proper article 1.13 waiver constitutes an irregularity in the trial court proceeding, but such an irregularity does not render the proceeding void. *Ex parte Sadberry*, 864 S.W.2d at 543; *Garcia*, 905 S.W.2d at 9. Thus, the absence of a written jury waiver in the court's file does not render the proceeding void. *See Garcia*, 905 S.W.2d at 9 (citing *Ex parte Sadberry*, 864 S.W.2d at 543; *Townsend v. State*, 865 S.W.2d 469, 470 (Tex.Crim.App.1993)). If, however, Egger had never waived his right to trial by jury at all, then "such an error would go far beyond mere irregularity in the proceedings below." *Garcia*, 905 S.W.2d at 9; *see also Ex parte Lyles*, 891 S.W.2d 960, 961–62 (Tex.Crim.App.1995). "That type of error would be of a constitutional dimension and could render his underlying conviction void, even where the error was raised by a collateral attack." *Garcia*, 905 S.W.2d at 9.

■ We begin our review by recognizing that we are required to presume the regularity of trial court proceedings. *Kelley v. State*, 676 S.W.2d 104, 108 (Tex. Crim.App.1984); *Battle v. State*, 989 S.W.2d 840, 841 (Tex.App.—Texarkana 1999, no pet.). The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *Light v. State*, 15 S.W.3d 104, 107 (Tex.Crim.App.2000). If a presumption of regularity applies, then a reviewing court must consider "whether there is evidence sufficient to overcome the presumption." *Light*, 15 S.W.3d at 107. Absent an affirmative showing to the contrary, a recitation in the trial court's judgment alone is sufficient to show a valid jury waiver. *Lopez v. State*, 708 S.W.2d 446, 447–48 (Tex.Crim.App. 1986) (op. on reh'g); *Vega v. State*, 707 S.W.2d 557, 559 (Tex.Crim.App.1984) (op. on reh'g); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g). Thus, recitations in the trial court's records are binding in the absence of direct proof of their falsity. *Breazeale*, 683 S.W.2d at 450. It is the defendant's burden to overcome this presumption of regularity. *Id.* at 451.

■ During the hearing on his motion to quash, Egger introduced a certified copy of the file pertaining to his prior conviction. The file does not contain a written jury waiver as required by article 1.13 of the Texas Code of Criminal Procedure.[2] The record, however, does contain the judgment of the court, which recites that Egger "waived trial by jury." The docket sheet also contains a recital that Egger waived a jury trial. To rebut this language, Egger testified during the hearing that with regard to his prior conviction,

---

**2.** Article 1.13(a) of the Texas Code of Criminal Procedure provides that a defendant may waive his right to a jury trial only if he does so in person, in writing, and in open court. Tex.Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.2001).

neither his attorney, nor the trial court, advised him that he had a right to a jury trial. He testified that had he known of this right, he would not have pled nolo contendere and would have chosen instead to have a jury hear the case. Egger also testified that a court reporter did not record this proceeding.[3] Egger's testimony alone is not sufficient to disprove the recitations in the judgment. *See Disheroon v. State,* 687 S.W.2d 332, 334 (Tex.Crim.App. 1985); *Maddox v. State,* 591 S.W.2d 898, 903 (Tex.Crim.App.1979). "To hold otherwise would allow the mere assertions of a defendant to invalidate convictions obtained nearly twenty years ago." *Disheroon,* 687 S.W.2d at 334. Egger has failed to meet his burden and has not overcome the presumption of regularity in the judgment. We overrule Egger's issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

---

**3.** The affidavit of the court reporter, which was admitted in evidence at Egger's request, states that no transcription or notes were created for the proceedings related to Egger's sentencing on September 9, 1993 in Guadalupe County. The affidavit explains that it was not in the usual course of business for a transcription to be created for proceedings related to misdemeanors.