11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Henry
Grady Coleman

Appellant

Vs.      
            No. 11-02-00089-CR B Appeal from Taylor County

State of Texas

Appellee

 

 The trial court approved the terms of Henry
Grady Coleman=s plea agreement, convicted him of the third
degree felony of driving while intoxicated under TEX. PENAL CODE ANN. ' 49.04 (Vernon Supp. 2003), and sentenced him
to two years confinement in the Institutional Division of the Texas Department
of Criminal Justice.  The State relied
on two prior misdemeanor driving while intoxicated convictions to enhance the
offense charged to a third degree felony. 
See TEX. PENAL CODE ANN. ' 49.09(b) (Vernon Supp. 2003). 
In an amended motion to quash the indictment, appellant asserted that,
because the State failed to obtain proper waivers from him of the right to jury
trial in the prior misdemeanor proceedings, the misdemeanor convictions were
not admissible against him for the purposes of enhancing the offense.  The trial court denied appellant=s amended motion to quash.  We affirm.

                                                                  Issue
Presented








Appellant
complains that the trial court erred in denying his amended motion to
quash.  TEX. CODE CRIM. PRO. ANN. art.
1.13(a) (Vernon Supp. 2003) provides that a defendant may waive his right to a
jury trial only if he does so in person, in writing, and in open court.  Appellant=s prior convictions were the result of plea agreements.  The convictions were in Cause No. 87,113 in
the County Court at Law No. 1 of Taylor County, Texas, on May 21, 1993, and in
Cause No. 83,167 in the County Court at Law No. 1 of Taylor County, Texas, on
March 29, 1991.  Appellant signed
documents entitled AWaiver
of Jury Trial, Witnesses and Ten Days for Preparation@ in both of the prior causes, and appellant=s counsel approved the waivers.  However, appellant contends that the waivers
did not comply with the requirements for jury waivers in Article 1.13(a).[1]  Appellant did not raise the jury waiver
issues in direct appeals from the judgments in the prior proceedings.  Rather, he raises the issue in this
collateral attack on the prior convictions.

Appellant=s Collateral Attack of the Prior Convictions 

Appellant=s burden in the trial court was to
demonstrate that the prior convictions were void.  Acosta v. State, 650 S.W.2d 827, 829 (Tex.Cr.App.1983); Ex parte
Brown, 165 S.W2d 718, 720 (Tex.Cr.App.1942); Egger v. State, 62 S.W.3d 221, 224
(Tex.App. - San Antonio 2001, no pet=n); Battle v. State, 989 S.W.2d 840, 841 (Tex.App. - Texarkana 1999, no
pet=n). 
To meet this burden, appellant had to show that a jurisdictional defect
or denial of a fundamental or constitutional right occurred in the prior
misdemeanor causes.  Ex parte Sadberry,
864 S.W.2d 541, 543 (Tex.Cr.App.1993). 
A defendant=s
failure to execute a proper waiver of a jury trial under Article 1.13(a) is an
irregularity in the trial court proceeding, but such an irregularity does not
render the proceeding void.  Egger v.
State, supra at 224 (citing Ex parte Sadberry, supra at 543; State v. Garcia,
905 S.W.2d 7, 9 (Tex.App. - San Antonio), pet=n ref=d, 910 S.W.2d 499 (Tex.Cr.App.1995)). 
Therefore, appellant could not meet his burden of demonstrating that the
convictions were void Aby
simply proving a violation of Article 1.13.@ State v. Garcia, supra at 9 (citing Ex parte Sadberry, supra at 543;
Townsend v. State, 865 S.W.2d 469, 470 (Tex.Cr.App.1993)(Maloney, J.,
concurring)).  If, however, appellant
established that he did not waive jury trials in the prior proceedings, then
the error Awould go far beyond mere irregularity in the
proceedings below.@  State v. Garcia, supra at 9 (citing Ex parte
Lyles, 891 S.W.2d 960 (Tex.Cr.App.1995)). The error would be of a
constitutional dimension and could render the prior convictions void.  State v. Garcia, supra at 9.     








In our
review of the record, we are required to presume the regularity of trial court
proceedings.  Kelley v. State, 676
S.W.2d 104, 108 (Tex.Cr.App.1984); Egger v. State, supra at 224; Battle v.
State, supra at 841.  This presumption
requires reviewing courts, absent evidence of impropriety, Ato indulge every presumption in favor of the
regularity of the proceedings and documents in the lower court.@ 
Light v. State, 15 S.W.3d 104, 107 (Tex.Cr.App.2000).  We are bound by recitations in the trial
court records in the absence of direct proof of their falsity.  Egger v. State, supra at 224 (citing
Breazeale v. State, 683 S.W.2d  446, 450
(Tex.Cr.App.1984)(op. on reh=g)).  The defendant has the
burden to overcome the presumption of regularity.  Breazeale v. State, supra at 451.  Thus, in this case, the regularity of appellant=s prior convictions was presumed, and
appellant had the burden to affirmatively show that he did not waive the right
to jury trial in the proceedings to overcome the presumption.  See Battle v. State, supra at 841 (citing
Johnson v. State, 725 S.W.2d 245, 247 (Tex.Cr.App.1987); Blake v. State, 468
S.W.2d 400, 402-03 (Tex.Cr.App.1971); Morton v. State, 870 S.W.2d 177, 179
(Tex.App. - Amarillo 1994, pet=n ref=d)).              We review the record to determine
whether appellant presented sufficient evidence to overcome the presumption of
regularity of the convictions.  Light v.
State, supra at 107. Appellant=s counsel introduced certified copies of the files in Cause Nos. 83,167
and 87,113 at the hearing on the motion to quash.  Appellant did not testify or present any witnesses at the
hearing.

In Cause
No. 83,167, appellant signed the AWaiver of Jury Trial, Witnesses and Ten Days for Preparation.@  It
provided, in part, that:

Comes now the Defendant in this cause, and in
open court makes known that he/she will enter a plea of GUILTY/NOLO CONTENDERE
to the charge herein, and requests the consent and approval of the Court and
the Attorney for the State to waive the right to trial by jury herein.  

 

The same jury waiver
language was used in Winchester v. State, 880 S.W.2d 514, 515 (Tex.App. - Fort
Worth 1994, pet=n ref=d). The language meets the requirements for a valid waiver under
Article 1.13.  Winchester v. State,
supra.  Appellant=s counsel and the assistant district attorney
approved  the waiver by signing it, and
the trial court signed it.  The trial
court=s disposition sheet indicates that a jury trial
was waived.  In its judgment, the trial
court recited that:

Defendant entered his/her plea of Guilty/Nolo
Contendere thereto, and having in person and through and by his/her said
attorney waived the intervention of a jury, and counsel representing the state
having agreed to said waiver of a jury, and the Court having agreed to same. 

 

We are bound by the
recitations in the trial court=s judgment and records that appellant waived a jury, absent proof of
their falsity.  See Egger v. State,
supra at 224.  Appellant did not offer
any evidence that he did not waive a jury. 
He did not meet his burden to overcome the presumption of regularity of
the conviction in Cause No. 83,167.          








In Cause
No. 87,113, appellant signed the AWaiver of Jury Trial, Witnesses and Ten Days for Preparation.@  It
provided that:

Comes now the Defendant in this cause, and in
open court makes known that he/she will enter a plea of GUILTY/NOLO CONTENDERE
to the charge for the State to waive the right to trial by jury herein.

 

While the waiver may not
clearly state that appellant was waiving his right to a jury trial, the waiver
does not provide any evidence that appellant did not waive the right to a jury
trial. 
Appellant=s counsel and the assistant district attorney
approved the waiver by signing it, and the trial court signed it.  The trial court=s disposition sheet indicates that a jury
trial was waived.  The trial court=s judgment did not state that appellant
waived a jury trial, but the lack of a reference to a waiver in the judgment is
not any evidence that appellant did not waive a jury trial. 

Battle involved similar facts.  Battle based his appeal on the State=s alleged failure to prove that he waived a
jury trial in two prior misdemeanor cases. 
The State introduced copies of the judgments and Battle=s waivers of jury trial from the prior
proceedings.  The language in Battle=s waivers was identical to the language in
appellant=s waiver in Cause No. 87,113.  The trial court=s judgments were silent as to whether Battle
had waived a jury trial.  Battle did not
offer any affirmative evidence that he did not waive a jury trial.  The court held that he Afailed to discharge his burden to show that
he did not waive a jury trial.@  Battle v. State, supra at
842.         

Likewise,
in this case, appellant did not offer any evidence that he did not waive a jury
trial.  He did not meet his burden to
overcome the presumption of regularity of the conviction in Cause No. 87,113. 

The trial
court did not err in denying appellant=s amended motion to quash the indictment.  We overrule appellant=s issue.

                                                                This
Court=s Ruling

We affirm
the judgment of the trial court.                   

 

TERRY McCALL

JUSTICE

January 16, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Appellant was convicted in Cause No. 83,167 on March
29, 1991.  Article 1.13 did not apply to
misdemeanor cases at that time, and there was no requirement that the waiver of
the right to a jury trial in a misdemeanor case be in writing.  See Chaouachi v. State, 870 S.W.2d 88, 91-93
(Tex.App. - San Antonio 1993, no pet=n).  In misdemeanor cases, the waiver of a jury
trial Anormally required only a showing in the record of an
intentional relinquishment or abandonment of a known right or privilege with no
requirement that the court and the prosecutor consent to the waiver of a jury
trial.@  Chaouachi v.
State, supra (citing Samudio v. State, 648 S.W.2d 312, 314 (Tex.Cr.App.), cert.
den=d, 462 U.S.
1132 (1983)).