COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

THE STATE OF TEXAS,                                     )

                                                                              )               No.  08-02-00326-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
171st District Court

ARMANDO NIETO,                                            )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000D05437)

                                                                              )

 

 

O
P I N I O N

 

The State appeals
from the trial court=s
order granting Appellee Armando Nieto=s motion to quash the enhancement
paragraph of an indictment for the felony offense of driving while
intoxicated.  In its sole issue on
appeal, the State argues that the trial court erred and abused its discretion
by granting the motion to quash because a violation of Article 1.13(c) of the
Texas Code of Criminal Procedure in the prior conviction did not render that
conviction void for enhancement purposes nor was it an error of constitutional
magnitude.  We reverse and remand the
cause to the trial court.

FACTUAL
AND PROCEDURAL BACKGROUND








Armando Nieto was
charged by indictment with felony driving while intoxicated (ADWI@).  See Tex.Pen.Code Ann. ''
49.04, 49.09(b)(Vernon 2003).  The indictment alleged two prior DWI
convictions occurring in 1993 and 1997, which enhanced the primary offense from
a misdemeanor to a third degree felony.[1]  See Tex.Pen.Code Ann. '
49.09(b).

Defense counsel
informed the trial court of Appellee=s intention to file a motion to quash
the enhancement portion of the indictment as to the 1993 prior conviction.  There is no written motion to quash in the
record before this Court, however, at the motion
hearing the trial judge indicated that Appellee had
filed a written motion to quash.  At the
hearing on the motion, defense counsel argued that the trial court in the prior
conviction failed to appoint Appellee an attorney
before he waived his right to a jury trial and pled guilty to the misdemeanor
DWI charge, therefore the 1993 conviction was void for violation of Article
1.13(c) of the Texas Code of Criminal Procedure.  At the time of the 1993 conviction, Article
1.13(c) required that counsel be appointed to a defendant for any
offense (felony or misdemeanor) prior to a defendant=s
waiver of his right to a jury trial.[2]








At the initial
motion hearing on April 16, 2002, the State conceded that Article 1.13(c)
applied to the prior misdemeanor DWI conviction at issue, and that the trial
court had failed to comply with the statute. 
The State argued, however, that Appellee=s complaint should have been raised on
direct appeal of his conviction, not by collateral attack.  At the subsequent motion to reopen hearing
held on June 18, 2002, the State argued that the 1993 judgment was valid on its
face and that Appellee knowingly and voluntarily
waived his rights.  The State asserted
that collateral attack of the 1993 conviction was not proper.  The State relied on a recent Criminal Court
of Appeals decision, Ex parte McCain, 67
S.W.3d 204 (Tex.Crim.App. 2002), arguing that a
violation of Article 1.13(c) cannot be the basis of a writ of habeas corpus, therefore
it could not be the basis for a collateral attack on a prior conviction.

After the motion
to reopen hearing, the trial court signed a written order granting the motion
to quash one of the enhancement paragraphs of the indictment.  The State now appeals that order.  See Tex.Code Crim.Proc.Ann. art.
44.01(a)(1)(Vernon Supp. 2003).

DISCUSSION

Standard
of Review 








The general rule
is that the trial court=s
ruling on a motion to quash is reviewed under an abuse of discretion
standard.  State v.
Rivera, 42 S.W.3d 323, 328 (Tex.App.--El Paso
2001, pet. ref=d);
Williamson v. State, 46 S.W.3d 463, 465 (Tex.App.-‑Dallas
2001, no pet.).  A trial court
abuses its discretion if it acts without reference to any guiding rules and
principles, or acts in an arbitrary or unreasonable manner.  Montgomery v. State,
810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  In its brief, the State notes that several
sister courts have reviewed de novo a trial court=s
ruling on an indictment where the issue in dispute is a question of law, rather
than of fact.  See Hankins v. State,
85 S.W.3d 433, 436 n.3 (Tex.App.--Corpus Christi
2002, no pet.); State v. McCoy, 64 S.W.3d 90, 92 (Tex.App.--Austin
2001, no pet.); State v. Salinas, 982 S.W.2d 9, 10 n.1 (Tex.App.--Houston [1st Dist.] 1997, pet. ref=d)(Opin. on reh=g).  The State argues that there is no factual
dispute in this case.  Appellee in his brief, however, argues that the 1993
judgment and signed written waiver form on their face are defective and show
that he did not knowingly and voluntarily agree to waive his right to a jury
trial.  Without deciding whether de
novo review is an appropriate standard for review on a motion to quash, we
believe abuse of discretion is the appropriate standard for appellate review in
this case.  

Collateral
Attack of Prior Conviction

In its sole issue,
the State argues that the trial court erred and abused its discretion in
granting Appellee=s
motion to quash the enhancement paragraph of the indictment because Appellee=s
claim that the 1993 conviction violated Article 1.13(c) of the Texas Code of
Criminal Procedure does not render that conviction void for enhancement
purposes.  The State concedes that the
1993 conviction was obtained in violation of Article 1.13(c) because Appellee was not appointed counsel prior to waiving his
right to a jury trial.  Relying on a
recent Court of Criminal Appeals decision, Ex Parte
McCain, the State argues that a violation of Article 1.13(c) is not of
constitutional or fundamental magnitude and as such, a claim that a prior
conviction violated Article 1.13(c) is not cognizable in a collateral attack.

A prior conviction
used for enhancement purposes may be collaterally attacked only if it is void
or tainted by a constitutional defect.  Galloway v. State, 578 S.W.2d 142, 143 (Tex.Crim.App.
1979); Egger v. State, 62 S.W.3d 221, 224 (Tex.App.--San
Antonio 2001, no pet.).  Lesser
infirmities, such as insufficient evidence or irregularities in the judgment or
sentence, may not be raised by a collateral attack, even if such infirmities
might have resulted in a reversal had they been raised on direct appeal.  Galloway, 578 S.W.2d
at 143.  When prior convictions
are collaterally attacked, the judgments reflecting those convictions are
presumed to be regular, and the accused bears the burden of defeating that
presumption.  Williams
v. State, 946 S.W.2d 886, 900 (Tex.App.--Waco
1997, no pet.).








At the motion to
reopen hearing and now on appeal, the State relies on Ex parte
McCain for its argument that the trial court erred in granting the motion
to quash on the basis of a violation of Article 1.13(c)of
the Texas Code of Criminal Procedure in the 1993 prior conviction.  In Ex parte
McCain, a felony defendant sought habeas corpus relief based on a violation
of Article 1.13(c) of the Code.  Ex parte McCain, 67 S.W.3d at 205.  The appellant argued that his voluntary
guilty plea was void because he was not appointed an attorney before he made
his oral and written agreement to waive a jury trial.  Id. at 205-06.  The Court of Criminal Appeals held that
Article 1.13(c) is a statutory provision which does not embody a constitutional
or fundamental right and as such, appellant=s
claim was not cognizable on a writ of habeas corpus since habeas relief under
Article 11.07 of the Code is available only for jurisdictional defects and
violations of certain fundamental or constitutional rights.  Id. at 206.  In the Court=s
analysis, it noted that A[p]rocedural errors or statutory violations may be reversible
error on direct appeal, but they are not >fundamental= or >constitutional= errors which require relief on a writ
of habeas corpus.@  Id. at 209-10.  Further, the Court stated that it would
continue to follow its reasoning under Ex parte Sadberry, in which the Court held:

While we do not sanction noncompliance
with procedural rules designed to safeguard constitutional rights, the writ was
not intended to provide for relief for such noncompliance where the record is
otherwise clear on the rights to which the procedural formalities pertain.  Accordingly, we hold that where the applicant
does not claim he desired and was deprived of his constitutional right to a trial
by jury, that he did not intend to waive a jury trial or that he was otherwise
harmed, and the record reflects that the applicant agreed to the waiver, we
will not set aside a conviction by habeas corpus or collateral attack
due to the applicant=s
failure to sign a written jury form pursuant to article 1.13.  [Emphasis added].

 








Id. at
210-11, citing Ex parte Sadberry,
864 S.W.2d 541, 543 (Tex.Crim.App. 1993).  In light of Ex parte
McCain, we must agree with the State that a trial court=s failure to observe the mandatory
provisions of Article 1.13 is not constitutional or fundamental error that will
set aside a conviction by collateral attack. 
Ex parte McCain, 67 S.W.3d at 209-10
(violation of Article 1.13(c) is not jurisdictional, constitutional, or
fundamental error as to invoke habeas corpus relief); Ex parte
Sadberry, 864 S.W.2d at 543 (violation of Article
1.13(a) is a statutory error involving an irregularity in the trial court
proceedings).  See also Johnson v.
State, 72 S.W.3d 346, 348 (Tex.Crim.App. 2002)(violation of Article 1.13(a) was a statutory error,
requiring harm analysis under Appellate Rule 44.2(b) in a direct appeal);
Lopez v. State, 71 S.W.3d 511, 514 (Tex.App.--Fort
Worth 2002, no pet.).

Here, Appellee brought a motion to quash an enhancement paragraph
in the indictment for the instant DWI offense, collaterally attacking his prior
conviction for the same offense in 1993. 
At the motion hearing, Appellee had the burden
of showing that the prior conviction was either void or tainted by
constitutional defect.  See Battle v. State, 989 S.W.2d 840, 841 (Tex.App.--Texarkana 1999, no pet.); State v. Garcia,
905 S.W.2d 7, 9 (Tex.App.--San Antonio 1995, pet. ref=d).  The alleged violation of Article 1.13(c) of
the Code constituted statutory error, not constitutional error, which does not
render the 1993 conviction void when collaterally attacked.  See Ex parte McCain, 67 S.W.3d at 210-11.  Thus, we will examine whether Appellee met his burden by showing that the prior
conviction was tainted by constitutional defect.








In his reply
brief, Appellee argues that the prior conviction
alleged for enhancement may be collaterally attacked because evidence in the
record clearly shows that the conviction is void and that the resulting errors
reach constitutional magnitude.[3]  Appellee contends
that the 1993 violation of Article 1.13 was more than just a violation of a
procedural statute because constitutional rights were also violated.  Appellee argues
that the record shows that Appellee was not informed
that he had the right to have a free attorney appointed to represent him
if he was indigent and was not informed of the dangers and disadvantages of
self-representation.  Moreover, the
waiver signed by Appellee states that Acounsel can be appointed to
represent [him],@ rather
than Acounsel must
be appointed to represent him@
prior to waiving the right to a jury trial in accordance with the waiver form
guidelines contained in Article 1.051 of the Code of Criminal Procedure.  Further, Appellee
argues that the record fails to show that Appellee
knew the value of an attorney, that he knew the dangers and disadvantages of
self-representation or that he intentionally, knowingly, and voluntarily waived
an attorney in the prior conviction.








The record before
this Court shows that in the 1993 conviction, Appellee
signed a written jury waiver and pled guilty to the DWI charge.  In the signed jury waiver form, Appellee affirmatively asserted that he fully understood
his right to counsel and that if indigent, counsel
could be appointed to represent him.  Appellee asserted that he understood that he had a right to
a jury trial and that he was freely and voluntarily waiving that right in open
court.  Appellee
also asserted that he understood his right to counsel and knowingly,
voluntarily, and intelligently, waived that right.  The trial judge=s
order in the 1993 conviction recites that the foregoing waiver was made in open
court by the defendant in writing and that it appeared to the court that
defendant was mentally competent and was freely and voluntarily waiving his
right to a jury trial.  In accepting Appellee=s
guilty plea, the trial court=s
judgment recites that the defendant in person intelligently, knowingly, and
voluntarily waived the right to an attorney and that the defendant waiving
arraignment, pleaded guilty to the information therein, and waived trial by
jury.  The trial court=s docket sheet, which the State entered
into evidence, notes that the defendant was admonished by the presiding trial
judge.

A reviewing court,
absent evidence to the contrary, is required to indulge every presumption in
favor of the regularity of the documents in the lower court.  Light v. State, 15
S.W.3d 104, 107 (Tex.Crim.App. 2000).  A trial court=s
judgment is binding in absence of proof of its falsity.  Breazeale
v. State, 683 S.W.2d 446, 450 (Tex.Crim.App. 1985)(Opin. on reh=g). 
The defendant has the burden to provide evidence sufficient to overcome
the presumption of the formal judgment=s
regularity.  Id.
at 451.








The judgment of
the 1993 conviction is regular on its face and expressly states that Appellee appeared in person before the court and
intelligently, knowingly, and voluntarily waived the right to an attorney,
waived arraignment, pleaded guilty, and waived trial by jury.  At the motion hearings, Appellee
offered no evidence to contradict the regularity of the trial documents.  On appeal, Appellee
contends that the written waiver form did not comply with Article 1.051(g) of
the Code of Criminal Procedure.  Appellee did not raise this specific argument in the
motions hearing.  Assuming arguendo that Appellee=s argument at the pretrial hearings
incorporates this complaint, we observe that the specific language of Article
1.051(g) is not mandatory.  See
Burgess v. State, 816 S.W.2d 424, 429-30 (Tex.Crim.App. 1991). 
Rather, Article 1.051(g) only requires substantial compliance.  See Goffney v. State, 812 S.W.2d 351, 352 (Tex.App.--Waco 1991), aff=d, 843 S.W.2d 583 (Tex.Crim.App. 1992).  The waiver form in the 1993 conviction clearly
states that Appellee fully understood his right to
counsel and that if he was indigent, counsel could be appointed to represent
him.  The form also reflects that Appellee understood that he had a right to a jury trial and
that he was freely and voluntarily was waiving that right in open court.  The written waiver form, the judge=s admonishment, and the recitals in the
judgment, clearly indicate that Appellee was
sufficiently apprised of his right to counsel and
right to a jury trial and that he knowing, voluntarily, and intelligently
waived those rights.

It is undisputed
that the trial court in the 1993 conviction violated Article 1.13(c) of the
Code by not appointing an attorney for Appellee
before he agreed to waive a jury trial. 
However, in this case a per se violation of Article 1.13(c) does not
render the 1993 conviction void for enhancement purposes in a collateral
attack.  The evidence in the record does
not show that Appellee desired or was deprived of his
right to a trial by jury, that he did not intend to waive a jury trial, or that
he was otherwise harmed.  See Ex parte McCain, 67 S.W.3d at
210-11; Egger, 62 S.W.3d at 224. 
Therefore, we conclude that the trial court erred and abused its
discretion in granting the motion to quash the enhancement paragraph of the
indictment for felony DWI.  Issue One is
sustained.

For the reasons
stated above, we reverse the trial court=s
order and remand the cause for further proceedings consistent with this
opinion.

 

 

May
22, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
State v. Nieto, No. 930C08131 (County Court at Law
No.3, El Paso County, Tex. Sept. 3, 1993); State v. Nieto, No.
970C22430 (County Court at Law No. 6, El Paso County, Tex. Dec. 30, 1997).





[2]
At the time of Appellee=s
prior DWI offense in 1993, Article 1.13(c) of the Texas Code of Criminal
Procedure was applicable to a defendant facing criminal prosecution for any
offense.   Subsection (c) of Article 1.13
was amended in 1997 to limit its application to felony offenses.   Act of Sept. 1, 1997, 75th Leg., R.S., ch. 285, '
1, 1997 Tex.Gen.Laws
1300-01.





[3]
We note that Appellee=s
argument at the motion to quash hearing was primarily focused at collaterally
attacking the prior conviction for violation of Article 1.13(c) of the Code per
se.  On appeal, Appellee=s argument suggests that there was
other evidence before the trial court in the instant case to support its
order.  As the trial court=s order does not state on which grounds
its judgment was based, we will consider Appellee=s arguments with respect to evidence in
the record.