COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JORGE LUIS CARDENAS,                               )                  No. 08-03-00447-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  168th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D03204)

O P I N I O N

            Appellant pled guilty to the offense of driving while intoxicated, third offense or more. He
was sentenced to three years in TDCJ to run concurrently with his three-year sentence in cause
number 20030D00371. At issue is the denial of his motion to quash the indictment. Finding no
error, we affirm. 
FACTUAL SUMMARY
            The indictment alleged that on or about September 27, 2002, Appellant committed the
offense of driving while intoxicated. The offense was enhanced to a felony by way of two prior
convictions in San Patricio County.
            Appellant filed a motion to quash the indictment, complaining that his two prior convictions
for misdemeanor DWI were obtained in violation of his constitutional rights. At the hearing on the
motion, Appellant testified that on April 15, 1994--while living in San Patricio County--he pled no
contest to a misdemeanor DWI. “They told everybody that was present in court if we pleaded no
contest, the judge would be lenient with us and that was it. So when the judge called everybody to
the stand, I mean, I pleaded no contest.” He was not told he had the right to an attorney or that by
pleading guilty, the offense could be used for enhancement purposes for felony DWI. Appellant
characterized the proceeding as a “mass plea” with fifteen to twenty people. He would have hired
an attorney if he had known he had the right. Appellant also pled no contest to misdemeanor DWI
on August 19, 1994. On that occasion, the city clerk called his name and he signed the paperwork. 
He was not told he had a right to an attorney or that the conviction could be used for enhancement
purposes. And once again, it was explained that the judge would be lenient if he pled no contest. 
            The State showed Appellant the judgments from the two prior convictions. Appellant
admitted that the documents bore his signatures and fingerprints. He also admitted that the
judgments indicated that he had pled guilty and that he had waived his right to an attorney. The trial
court denied the motion, finding that Appellant had voluntarily waived his right to counsel by
signing the judgments approved by the court. 
MOTION TO QUASH
            In his sole point of error, Appellant challenges the denial of his motion to quash. He argues
that his convictions were void since the evidence did not establish that he knowingly waived his right
to counsel before pleading guilty to the offenses.
            We review the trial court’s ruling on a motion to quash under an abuse of discretion standard. 
See Thomas v. State, 621 S.W.2d 158, 163 (Tex.Crim.App. 1980). The test is whether the trial court
acted without reference to any guiding rules and principles by acting arbitrarily or unreasonably. 
Montgomery v. State, 810 S.W.2d 372, 381 (Tex.Crim.App. 1990). 
            A prior conviction alleged for enhancement can be collaterally attacked if tainted by a
constitutional defect. Galloway v. State, 578 S.W.2d 142, 143 (Tex.Crim.App. 1979). A challenge
to such a prior conviction is properly made through a motion to quash. See Egger v. State, 62
S.W.3d 221, 223-24 (Tex.App.--San Antonio 2001, no pet.). 
            The State established prima facie proof of a prior conviction by introducing copies of the
judgment and sentence and connecting them with the defendant. See Johnson v. State, 725 S.W.2d
245, 247 (Tex.Crim.App. 1987)(citations omitted). The burden then shifted to Appellant to prove
that the prior conviction was void or tainted by some constitutional defect. See id. at 246-47. When
a defendant claims that he did not knowingly waive his right to counsel in the prior conviction, he
must prove that his waiver was not voluntary. See Williams v. State, 946 S.W.2d 886, 900
(Tex.App.--Waco 1997, no pet.).
            Formal recitations in judgments are presumed to be regular and binding in the absence of
direct proof of falsity. See Breazeale v. State, 683 S.W.2d 446, 449-50 (Tex.Crim.App. 1984);
Egger, 62 S.W.3d at 224. A defendant’s testimony alone is insufficient to defeat this presumption
of regularity. Disheroon v. State, 687 S.W.2d 332, 334 (Tex.Crim.App. 1985); Egger, 62 S.W.3d
at 224-25. Bald assertions by a defendant that he did not knowingly waive his right to counsel are
insufficient since to hold otherwise would allow mere allegations to invalidate convictions obtained
nearly twenty years ago. Disheroon, 687 S.W.2d at 334. 
            We conclude that Appellant’s testimony alone is insufficient to disprove the waiver of
counsel recitation included in the two prior DWI conviction judgments from San Patricio County. 
We overrule the sole point of error and affirm the judgment of the trial court.

May 12, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)