NUMBER 13-03-504-CR

 
13-03-505-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

ARTURO MEDINA MORENO,                                                         Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

          On
appeal from the 197th District Court of Cameron County, Texas.

 

                                MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








On June 25, 2003, appellant, Arturo Medina Moreno,
entered an Aopen@ plea of nolo contendere to the third-degree felony
offense of driving while intoxicated with two or more prior convictions.[1]  On August 8, 2003, the trial court found
appellant guilty, sentenced him to ten years=
imprisonment, and probated the sentence for ten years.  In three issues,[2]
appellant contends his conviction in one of the misdemeanor convictions[3]
used to enhance the present offenses is void because the evidence does not
establish that he knowingly waived his right to counsel in that cause.  We affirm. 


In each case, the record contains the trial court=s certification that this Ais a plea-bargain case, but matters were raised by
written motion filed and ruled on before trial@ and Athe defendant has the right of appeal.@[4]

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[5]

                                                                  Background








In 1990, appellant was convicted of misdemeanor
offenses of driving while intoxicated in cause numbers 90-CCR-282-B and
90-CCR-5213-A and was placed on probation. 
In 1999, he was again convicted of driving while intoxicated and was
placed on probation.[6]  On February 6, 2003, a motion to revoke
appellant=s probation (in cause number 1999-CR-582-C) was
filed.  His probation was modified and
ordered to run concurrently with his sentences in the present causes. Appellant=s misdemeanor convictions in cause numbers
90-CCR-282-B and  90-CCR-5213-A were used
to enhance the present offenses to third-degree felonies.

Appellant collaterally challenged his two prior
uncounseled misdemeanor convictions (in cause numbers 90-CCR-282-B and  90-CCR-5213-A), contending  the convictions were void because the
evidence did not establish that he knowingly waived his right to counsel before
pleading guilty to the offenses. 
Appellant filed a AShelton@ motion challenging the validity of the prior
uncounseled convictions.[7]  After the trial court denied appellant=s motion, he entered an Aopen@ plea of nolo contendere in both of the causes
before us (2003-CR-490-C and 2002-CR-1594-C). 
On appeal, he challenges only his conviction in 90-CCR-282-B. 

                                        Standard
of Review and Applicable Law








A knowing and voluntary plea of guilty or nolo
contendere entered without the benefit of a plea bargain waives all
nonjurisdictional defects occurring before the plea only if the judgment is
independent of and not supported by the alleged error on appeal.[8]  Here, the judgment of appellant=s guilt is dependent upon the alleged error.[9]  Accordingly, we address appellant=s complaint.

We review the trial court's ruling on a motion to
quash under an abuse of discretion standard.[10]  The test is whether the trial court acted
without reference to any guiding rules and principles by acting arbitrarily or
unreasonably.[11]  

A prior conviction used for enhancement purposes may
be collaterally attacked only if it is void or tainted by a constitutional
defect.[12]  A challenge to such a prior conviction is
properly made through a motion to quash.[13]








The Sixth Amendment provides that Ain all criminal prosecutions, the accused shall
enjoy the right . . . to have the Assistance of Counsel for his defence.@[14]  Likewise,
article 1.051 of the Texas Code of Criminal Procedure provides that an accused
in a criminal matter is entitled to be represented by counsel in an adversarial
judicial proceeding.[15]           However, the right to counsel may be
waived if such waiver is made voluntarily and with knowledge of the
consequences thereof.[16]  To collaterally attack the validity of prior
convictions on the basis of a denial of the right to counsel, the accused must
prove that Ahe did not voluntarily, knowingly, and intelligently
waive his right to counsel.@[17]  When prior
convictions are collaterally attacked, the judgments reflecting those
convictions are presumed to be regular, and the accused bears the burden of
defeating that presumption.[18]  A defendant=s
testimony alone is insufficient to defeat this presumption of regularity.[19]  Bald assertions by a defendant that he did
not knowingly waive his right to counsel are insufficient since to hold
otherwise would allow mere allegations to invalidate convictions obtained
nearly twenty years ago.[20]


An uncounseled misdemeanor conviction, where, as in
this case, imprisonment is not imposed, may be used to enhance punishment at a
subsequent conviction.[21]

                                                                      Analysis








The record before us contains appellant=s AWritten Waiver of Counsel, Waiver of Jury and Plea
of Guilty@ in cause number 90-CCR-282-B.  The written waiver recites that appellant A[has] no Attorney, that [he] do[es] not intend to
employ Counsel herein, and that [he] waive[s] any right [he] may have, on
application therefore, to have the Court appoint an Attorney to defend [him] in
this cause.@  The record
also includes the reporter=s record of appellant=s
April 30, 1990 guilty plea in cause number 90-CCR-282-B.  At the plea hearing, the following exchange
occurred:

[Court]: Do you understand what you=re accused of?

 

[Appellant]: Yes, sir.

 

[Court]: How do you plead to this accusation?  Guilty or not guilty?

 

[Appellant]: Guilty.

 

[Court]: Did you sign this affidavit where you tell
me you don=t want a jury and you want to enter a plea of
guilty?

 

[Court]: Yes, sir. 


 

It is undisputed that appellant was not represented
by counsel in cause number 90-CCR-282-B. 
It is also undisputed that he did not receive a sentence of
imprisonment; he was sentenced to thirty days in jail, but his sentence was
suspended and he was placed on six months= probation.  

We conclude that appellant failed to establish that
he did not voluntarily, knowingly, and intelligently waive his right to
counsel.  Therefore, appellant did  not meet his burden.[22]








Moreover, as we have previously noted, Aan uncounseled misdemeanor conviction, where
imprisonment is not imposed, may be used to enhance punishment at a
subsequent conviction.@[23]  We therefore
conclude that the trial court did not err in using appellant=s prior uncounseled misdemeanor conviction in cause
number 90-CCR-282-B to enhance the present offenses.    

We overrule appellant=s
issues and AFFIRM the trial court=s judgment.                                                                                            

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P.  47.2(b)

Memorandum Opinion delivered and 

filed this the 25th day of August, 2005.











[1] See Tex. Pen. Code Ann. ' 49.09(b)(2) (Vernon Supp. 2004-05).  This appeal involves appellant=s conviction for driving while
intoxicated with two or more prior convictions in trial court cause numbers
2003-CR-490-C (appellate cause number 13-03-504-CR) and 2002-CR-1594-C
(appellate cause number 13-03-505-CR).  





[2] In his brief, appellant
characterized his issues as (1) his conviction in cause number 90-CCR-282-B is
void because he was not advised of his right to counsel in violation of both
the United States and Texas Constitutions; (2) a constitutional challenge to a
conviction used for enhancement may be raised at any time; and (3) once he
shows his conviction is invalid by a preponderance of the evidence, the burden
shifts to the State to show that the convictions [sic] were valid.  





[3] Appellant challenges only the
validity of his conviction in trial court cause number 90-CCR-282-B.





[4] 
See Tex. R. App. P. 25.2(a)(2).





[5] 
See Tex. R. App. P. 47.4.





[6] On September 17, 1999, appellant
was convicted of driving while intoxicated with two or more prior convictions
in cause number 1999-CR-582-C and was placed on probation.





[7] See Alabama v. Shelton, 535
U.S. 654, 658 (2002).  In Shelton,
the United States Supreme Court held that a defendant sentenced to a suspended
sentence of imprisonment has a Sixth Amendment right to counsel.  See id. 
    





[8] See Young v. State, 8
S.W.3d 656, 666‑67 (Tex. Crim. App. 2000); Martinez v. State, 109
S.W.3d 800, 801 (Tex. App.BCorpus Christi 2003, pet. ref=d). 






[9] See Egger v. State, 62
S.W.3d 221, 223 (Tex. App.BSan Antonio 2001, no pet.) (holding denial of motion to
quash based on alleged defect in prior conviction used for enhancement is
related to judgment); Jones v. State, 24 S.W.3d 540, 542 (Tex. App.BFort Worth 2000, no pet.) (holding
denial of pre-trial motion to dismiss enhancement paragraph is related to
judgment). 





[10] See Thomas v. State, 621
S.W.2d 158, 163 (Tex. Crim. App. 1980). 
At the hearing on appellant=s Shelton motion, the motion was described as Atantamount to a motion to quash
because it challenges the jurisdiction of the court saying the prior
convictions should not be considered as part of the jurisdiction.@





[11] Montgomery v. State, 810
S.W.2d 372, 382 (Tex. Crim. App. 1990).





[12] Galloway v. State, 578
S.W.2d 142, 143 (Tex. Crim. App. 1979); see Egger, 62 S.W.3d at 224. 





[13] See Egger, 62 S.W.3d at
223-24. 





[14] U.S.
Const. amend. VI; see Green v. State, 872 S.W.2d 717, 719 (Tex.
Crim. App. 1994). 





[15] Tex.
Code Crim. Proc. Ann. art. 1.051(a) (Vernon 2005); Williams v. State,
946 S.W.2d 886, 900 (Tex. App.BWaco 1997, no pet.).





[16] Jordan v. State, 571 S.W.2d
883, 884 (Tex. Crim. App. 1978) (citing Faretta v. California, 422 U.S.
806, 835 (1975)).





[17] Garcia v. State, 909 S.W.2d
563, 566 (Tex. App.BCorpus Christi 1995, pet. ref'd)
(citing Disheroon v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985); Robledo
v. State, 717 S.W.2d 647, 649 (Tex. App.BAmarillo 1986, no pet.)). 





[18] Breazeale v. State, 683
S.W.2d 446, 450 (Tex. Crim. App. 1985); Williams, 946 S.W.2d at 900. 





[19] Disheroon, 687 S.W.2d at
334; Egger, 62 S.W.3d at 224-25. 





[20] Disheroon, 687 S.W.2d at
334.





[21] Garcia, 909 S.W.2d at 567
(citing Nichols v. United States, 511 U.S. 738, 748-49 (1994)). 





[22] See Garcia, 909 S.W.3d at
566.  





[23] Id. at 567 (emphasis in
original) (citing Nichols, 511 U.S. at 748-49).