COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-146-CR

RODNEY D. DAVIDSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Rodney D. Davidson appeals his conviction and ten-year sentence for felony driving while intoxicated (DWI).  In two issues, Appellant complains that (1) the trial court erred in conducting a bench trial despite the fact that he did not waive his right to a jury trial, and (2) his trial attorney rendered ineffective assistance of counsel.
(footnote: 1)  Because we sustain Appellant’s first issue, we reverse and remand this case for a new trial.

II.  Procedural Background

Appellant was tried by the court without a jury on a plea of not guilty.  The record does not contain a statutory written jury waiver, 
see 
Tex. Code Crim. Proc. Ann.
 art. 1.13 (Vernon 2005), nor does it indicate that Appellant orally waived that right before the trial court.  Rather, the only evidence indicating that Appellant did in fact waive his right to a jury trial appears in the court’s judgment. 
 The judgment recites that “[after both sides announced ready for trial], the Defendant, Defendant’s attorney, and the State’s attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court.  The Court consented to the waiver of a jury.”

Following his conviction, Appellant filed a pro se notice of appeal attacking the veracity of these recitals in the trial court’s judgment.  The court appointed Appellant appellate counsel and we subsequently abated the case, on Appellant’s motion, in order to permit the trial court to conduct a hearing to determine (1) whether Appellant waived his right to a jury trial and (2) whether Appellant was denied the effective assistance of counsel at a critical stage of the proceedings. 

During the hearing, Appellant testified that his trial counsel never asked him if he would like to waive his right to a jury trial nor did he ever agree to do so.  Appellant explained that he knew he had a right to be tried by a jury but that he did not realize that his case was proceeding as a bench trial until after the trial had already begun.  Appellant stated that “[a]fter the trial done started, I was expecting the jurors to file in and we were going to start picking the jurors.  And I leaned over and asked [trial counsel] ‘when do we start picking the jury?’  And he said, ‘We done discussed this.  You gave up your right to a jury trial.’”  Appellant also testified that when he objected to moving forward without a jury his trial counsel “told me to be quiet, and that the Judge was going to be trying me and sentencing me, and if I made a scene, it would just look bad and he’d give me more time.”  
At the conclusion of the hearing, the trial court made the following findings of fact:

1. No written jury waiver is contained in the District Clerk’s file or reflected on the court’s docket sheet.

2. The Court did not ask the Defendant whether he wanted to waive a trial by jury.

3. A jury waiver was not discussed in court among the parties or the Court.

4. The Defendant . . . did not sign a written jury waiver.

5. The Defendant . . . did not agree to a jury waiver in open court and in writing.

6. With no written jury waiver actually executed, the Court did not consent to a jury waiver in open court as reflected in the Judgment and Sentence.

7. The bench trial had already begun before the Defendant realized that he was being tried without a jury.

8. Shortly after the bench trial had begun, the Defendant brought it to his trial counsel’s attention that he wanted a jury trial, but his counsel simply instructed the Defendant that he should just proceed without a jury, and his counsel did not determine whether the Defendant truly wanted to be tried without a jury.

9. At the moment the Defendant complained to his counsel that he wanted a jury trial, his counsel did not call for a recess to counsel with the Defendant to clarify whether he voluntarily and knowingly wanted to waive a jury.

10. At the moment the Defendant complained to his counsel that he wanted a jury trial, his counsel did not call for a recess to advise the Court or the State that there was a question as to whether the Defendant voluntarily and knowingly wanted to waive a jury.

11. At the moment the Defendant complained to his counsel that he wanted a jury trial, his counsel did not call for a recess to advise the Court or the State there was not a written jury waiver and that the Defendant was complaining that he had not waived a jury.

12. The Defendant was sentenced on 13 March 2006.

13. The Court found before trial that the Defendant was indigent and was entitled to court-appointed counsel.

14. Upon conviction and sentencing the Defendant remained indigent, and was entitled to court-appointed counsel to represent him on appeal.

15. The Court appointed counsel to represent the Defendant on appeal on 20 April 2006.

16. During the thirty (30) day time period after sentencing, the Defendant’s court-appointed trial counsel did not consult with the Defendant regarding his opportunity to present in a motion for new trial any complaints about his conviction or sentence.

17. During the thirty (30) day time period after sentencing, the Defendant’s court-appointed trial counsel did not consult with the Defendant regarding any grounds to appeal his conviction or sentence.

18. During the thirty (30) day time period after sentencing, the Defendant’s court-appointed trial counsel did not consult with the Defendant regarding his opportunity to present in a motion for new trial or direct appeal his specific complaint that he was tried without having knowingly and voluntarily and in writing waived [his right to] a jury trial. 

19. Within thirty (30) days post conviction and sentencing, the Defendant sent a letter to the trial court requesting an appeal and complaining that he had not waived a jury trial.

20. Within thirty (30) days post conviction and sentencing, the Defendant sent a letter to the trial court requesting an appeal and complaining that his trial attorney was ineffective and that his trial attorney allowed him to be tried without a jury when he had not waived a jury trial.

21. New counsel was not appointed to represent the Defendant on appeal until 20 April 2006, thirty-eight (38) days beyond the date of sentencing.

22. Although properly subpoenaed and served with notice of the Abatement Hearing, [Defendant’s trial counsel] failed to appear in court to testify. 

23. Before the hearing date, [Defendant’s trial counsel] informed the Defendant’s appellate counsel that he did not remember whether the  Defendant waived a jury trial.

24. [Defendant’s trial counsel] informed the Defendant’s appellate counsel that he could not affirmatively state that the Defendant waived a jury trial. 

25. [Defendant’s trial counsel] informed the Defendant’s appellate counsel that there were no notes documented in his file for [the Defendant] that would indicate that [he] waived his jury trial right.  

Additionally, the court made the following conclusions of law based on the evidence elicited at the hearing:

1. The Defendant . . . did not knowingly and voluntarily waive a jury trial.

2. The Defendant . . . did not knowingly and voluntarily in writing waive a jury trial.

3. The recitation in the Judgment and Sentence that the Defendant agreed “in open court and in writing to waive a jury” is not an accurate statement.

4. The recitation in the Judgment and Sentence that the “Court consented to the waiver of a jury” is not an accurate statement.

5. The Defendant 
by direct proof overcame any presumption of regularity and truthfulness of the recitations regarding a jury waiver in the Judgment and Sentence.

6. The Defendant was not provided effective representation of counsel during the statutory time period to file a motion for new trial, a critical stage of the proceedings.

7. The Defendant’s pro se letter rebutted the presumption that post-conviction and sentencing the Defendant was adequately represented by counsel during a critical stage of the proceedings.

8. The Defendant’s pro se letter rebutted the presumption that post-conviction and sentencing the Defendant was adequately represented by counsel and was voluntarily forgoing his statutory motion for new trial opportunity to raise his complaints regarding his trial counsel and his complaint that he was tried without a jury.

9. Because the Defendant raised complaints that his trial lawyer was ineffective in his pro se letter to the court requesting an appeal, there existed a conflict of interest in [trial counsel’s] representation, given the Defendant’s right to present those claims and the self-interest of his trial counsel to refute the ineffective assistance claims.

10. Because the Defendant raised complaints that his trial lawyer was ineffective in his pro se letter to the court requesting an appeal, there existed a conflict of interest in [trial counsel’s] representation, given the Defendant’s right to present those claims and the self-interest of his trial counsel to refute the ineffective assistance claims; therefore, the Defendant did not receive adequate representation of counsel during a critical stage of the proceedings.  

III.  Waiver of Right to Jury Trial

The right to a jury trial at the guilt stage is both a statutory and a constitutional right that cannot be relinquished absent an express waiver.  
See
 U.S. 
Const
. art. III, § 2 & amend. VI; 
Tex. Const
. art. I, § 15; 
Tex. Code Crim. Proc. Ann.
 art. 1.12-.13 (Vernon 2005);
 
Meek v. State
, 851 S.W.2d 868, 870 (Tex. Crim. App. 1993); 
Marin v. State
, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), 
overruled on other grounds by Cain v. State
, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).  To constitute an express waiver, there must be an “intentional relinquishment or abandonment of a known right or privilege.” 
Marin
, 851 S.W.2d at 279.  A defendant’s mere acquiescence in proceeding to trial without a jury does not constitute an express waiver.  
See Ex parte Lyles
, 891 S.W.2d 960, 961 (Tex. Crim. App. 1995).  In the present case, the record from the abatement hearing clearly shows that Appellant did not expressly waive, in any form to the trial court, his right to a trial by jury.
(footnote: 2)  Consequently, we conclude that Appellant was denied his constitutional and statutory right to a jury trial. 

Denial of a criminal defendant’s constitutionally guaranteed right to a jury trial is a ‘structural’ constitutional error that affects the very framework of the underlying trial.  
See Loveless v. State
, 21 S.W.3d 582, 584 (Tex. App.—Dallas 2000, pet. ref’d), 
abrogated on other grounds by Johnson v. State
, 72 S.W.3d 346 (Tex. Crim. App. 2002)
; Trahan v. State
, 991 S.W.2d 936, 940-41 (Tex. App.—Houston [1st Dist.] May 13, 1999, pet. dism’d), 
vacated on other grounds without op., reaffirmed on remand, 
No. 01-96-01232-CR, 2003 WL 164529 (Tex. App.—Houston [1st Dist.] Jan. 23, 2003, no pet.)
; 
Lowery v. State, 
974 S.W.2d 936, 942 (Tex. App.—Dallas 1998, no pet.).  Such errors defy analysis by harmless error standards and are therefore not 
subject to a harm analysis. 
 Cain v. State, 
947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (superceded by statute on other grounds); 
see Lowery, 
974 S.W.2d at 942.  Accordingly, we hold that Appellant was harmed and sustain his first issue.
(footnote: 3) 
     

IV.  Conclusion

Having held that Appellant was deprived of his constitutional right to a jury trial, we reverse the trial court’s judgment and remand this cause for a new trial.

ANNE GARDNER 

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED:  May 10, 2007

FOOTNOTES
1:
The State has not filed a brief in response.

2:
While we are bound to presume the regularity and truthfulness of recitations in a judgment, 
Breazeale v. State,
 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh’g), that presumption is overcome when an Appellant objects to the accuracy of the judgment or affirmatively disproves the disputed recitation.  
Meek
, 851 S.W.2d at 870
; 
Jackson v. State
, 76 S.W.3d 798, 803 n.4 (Tex. App.—Corpus Christi 2002, no pet.)
.
  Here, Appellant met this burden by requesting that the appeal be abated and by subsequently bringing forth sufficient evidence to establish the falsity of the recitations in the judgment.  
See Meek, 
851 S.W.2d at 870; 
Breazeale, 
683 S.W.2d at 450.

3:
Because this issue is dispositive we need not reach Appellant’s remaining issue that his trial counsel rendered ineffective assistance.