COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

MARGARET CAROLYN SNIDER,                          No. 08-12-00050-CR

§

          Appellant,                          Appeal from

§

v.                                               County Court at Law No. 1

§

THE STATE OF TEXAS,                              of Parker County, Texas

§

          Appellee.                          (TC # CCL1-09-0687)

§

# **O P I N I O N**

Margaret Carolyn Snider appeals her conviction of driving while intoxicated.  The trial court found Appellant guilty and, in accordance with an agreement between the State and Appellant, assessed her punishment at a fine of $750 and confinement in the county jail for 180 days, probated for fifteen months.  We affirm.

## **WAIVER OF RIGHT TO JURY TRIAL**

In her sole issue on appeal, Appellant asserts that the trial court erred in conducting a bench trial without a knowing and voluntary waiver by Appellant of her right to a jury trial.[1] The appellate record does not contain a written waiver of the right to a jury trial.  When trial

---

[1] The Texas Supreme Court entered a docket equalization order transferring the appeal from the Second Court of Appeals to the Eighth Court of Appeals.  *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any issue.  *See* TEX.R.APP.P. 41.3.  We have, nevertheless, reviewed case law of the Second Court of Appeals in addressing the issues presented on appeal.

began, the court did not make any announcement on the record regarding the waiver of trial by jury. The State presented the testimony of five witnesses during its case-in-chief. Immediately following the testimony of the fourth witness, the following exchange took place between the trial court and Appellant's counsel in open court and in the presence of Appellant:

> [The Court]: Mr. Factor, I didn't formally announce on the record that the Defendant was waiving the trial by jury. But I'm correct in that assumption, am I?
>
> [Appellant's counsel]: We're here, Judge. There's no jury. We have waived the jury.
>
> [The Court]: I thought so.

The trial proceeded and the trial court found Appellant guilty of driving while intoxicated as charged in the information. After a recess, the State announced that the parties had reached an agreement regarding punishment and the trial court assessed punishment in accordance with that agreement. The judgment entered by the trial court does not recite that Appellant waived her right to a jury trial.

Because the exchange between the trial court and defense counsel raised the possibility that Appellant had expressly waived her right to a jury prior to trial, we abated the appeal for the trial court to conduct a hearing to determine whether Appellant had in fact waived the jury. *See Davidson v. State*, 225 S.W.3d 807, 808 (Tex.App.--Fort Worth 2007, no pet.)(court abated appeal in order for trial court to conduct a hearing to determine whether the appellant waived his right to a jury trial). Our order also required the trial court to make written findings of fact and conclusions of law regarding Appellant's waiver. The trial court conducted a hearing but no evidence was introduced. The trial court made verbal findings of fact and conclusions of law but did not reduce them to writing. The court specifically found that: (1) no written jury waiver is contained in the clerk's file or reflected on the court's docket sheet; (2) the court did not ask the

defendant personally whether she wanted to waive trial by jury; (3) the jury waiver was not discussed in court among the parties or with the court except as between Appellant's attorney and the court; (4) the defendant did not sign a written jury waiver; and (5) the defendant is intelligent and understood the trial proceedings. The trial court concluded that Appellant knowingly waived her right to a jury trial.

## Jury Waiver and Harm Analysis

A criminal defendant has a constitutional and statutory right to a trial by a jury. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, §15; TEX.CODE CRIM.PROC.ANN. art. 1.12 (West 2005). A defendant may, however, waive this right and proceed to a bench trial instead. *See* TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (West Supp. 2012); *see Hobbs v. State*, 298 S.W.3d 193, 197 (Tex.Crim.App. 2009). As a matter of federal constitutional law, the State must establish on the record an express, knowing, and intelligent waiver. *Hobbs*, 298 S.W.3d at 197. Article 1.13(a) provides that a defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *Id.* It is undisputed that Appellant did not execute a written waiver of the right to trial by jury.

A failure to comply with Article 1.13 is statutory, non-constitutional error because neither the state nor the federal constitution requires that a jury waiver be in writing. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex.Crim.App. 2002). Consequently, we must disregard the error unless Appellant's substantial rights are affected. *See* TEX.R.APP.P. 44.2(b). The absence of a written jury waiver is not harmful if the record reflects that the defendant was aware of her right to a jury trial and waived it. *Johnson*, 72 S.W.3d at 349.

There is evidence in the record indicating Appellant was aware of her right to a jury trial and she voluntarily waived that right. Appellant filed five motions for continuance in which she asserted that the case was set for a jury trial. When the trial court questioned defense counsel, he represented to the court in Appellant's presence that: "We're here, Judge. There's no jury. We have waived the jury." Appellant did not contradict or voice any opposition to her attorney's statements at the time they were made.

Citing *Davidson v. State*, Appellant complains that she merely acquiesced to the absence of a jury and did not voluntarily waive her right. *Davidson*, 225 S.W.3d at 808. After the bench trial began, Davidson leaned over and asked his attorney "when do we start picking the jury?" *Id.* Davidson's attorney told him that he had given up his right to a jury. *Id.* When Davidson began to protest, his attorney told him to be quiet and not make a scene. *Id.* There was no evidence of waiver in the record and Davidson testified at the abatement hearing that his attorney never asked him if he waived his right to a jury trial and he never agreed to do so. *Id.* The Second Court of Appeals concluded that Davidson had been denied his right to a jury trial because he had not expressly waived his right and had merely acquiesced in proceeding to trial without a jury. *Id.* at 811.

*Davidson* is distinguishable because there was no evidence in the record that the defendant had waived his right to a jury trial. In the instant case, the record includes the representations of Appellant's attorney in open court and in Appellant's presence that Appellant had waived her right to a jury trial. Further, at the abatement hearing held in the trial court pursuant to our order, Appellant did not present any evidence that she was unaware of her right to a jury trial, or that she was aware of the right but had not voluntarily waived it. Based on the

record before us, we conclude that Appellant was aware of her right to a jury trial and voluntarily waived it. Accordingly, the failure to comply with Article 1.13 did not affect Appellant's substantial rights. We overrule Issue One and affirm the judgment of the trial court.


December 18, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)