**Opinion issued March 11, 2021.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-19-00392-CV
_____

**GUILHERME CASALICCHIO AND IULA CASALICCHIO, Appellants**

**V.**

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1106194**

## MEMORANDUM OPINION

This is an appeal from a forcible entry and detainer suit. Appellee, Federal Home Loan Mortgage Corporation ("FHLMC"), purchased the residential property previously owned by appellants, Guilherme and Iula Casalicchio, at a non-judicial

foreclosure sale. After the Casalicchios failed to vacate the premises, FHLMC brought a forcible entry and detainer action in justice court. The justice court denied the Casalicchios' request for a jury trial but nonetheless entered a judgment in their favor. FHLMC then filed an appeal de novo to the county court. The county court granted FHLMC's motion for summary judgment and awarded a judgment of possession in FHLMC's favor. In three issues on appeal, the Casalicchios contend that (1) neither the justice court nor the county court had jurisdiction because the justice court denied the Casalicchios' request for a jury trial, (2) the justice court lacked jurisdiction because "the ownership of the property was so intertwined with possession that no court had jurisdiction to decide possession," thus the county court had no appellate jurisdiction, and (3) the county court erred in granting FHLMC's motion for summary judgment. We affirm.

## BACKGROUND

In June 2015, Guilherme and Iula Casalicchio executed a Deed of Trust to secure payment of a note on the real property located at 13419 Preston Cliff Court, Houston, Texas. The Deed of Trust provided that in the event of a default, the lender could accelerate the note and require immediate payment of all sums. It also provided that the property could be sold at a foreclosure sale, and that, if the property were foreclosed on, the person in possession of the property, i.e., the Casalicchios, would become tenants at sufferance and could be removed by a writ of possession.

2

The Casalicchios defaulted on the note and the property was sold to FHLMC at a non-judicial foreclosure sale. FHLMC, though its counsel, sent the Casalicchios a written notice to vacate the property and a demand for possession on December 5, 2017. On December 27, 2017, after the Casalicchios failed to vacate the property, FHLMC filed a suit for forcible detainer in the justice court in Harris County. On Monday, January 8, 2018, Guilherme Casalicchio attempted to request a jury trial and to pay the jury fee in the justice court, but he was informed that no jury trials were being held because of damage to the courthouse caused by Hurricane Harvey. However, even without a jury trial, the justice court ruled in the Casalicchios' favor, and FHLMC filed an appeal de novo in County Court at Law No. 2.

FHLMC filed a Motion for Summary Judgment on March 1, 2018, which Judge Chang, the presiding judge of the county court at the time, denied. Instead, on October 9, 2018, Judge Chang abated the case for six months "until the issue of ownership is decided in the Federal case."[1] However, when Judge Chang left office in December 2018, she reinstated the case on the docket.

---

[1] The justice court case involved only the issue of possession. A parallel case concerning the propriety of the foreclosure and FHLMC's title to the property was pending in federal district court at the time.

3

On April 18, 2019, FHLMC filed an Amended Motion for Final Summary Judgment on its forcible detainer claim, which the newly elected Judge Kovach granted. The Casalicchios then brought this appeal.

While the case was pending in this Court on appeal, the federal case involving the validity of FHLMC's title was resolved in FHMLC's favor. *See Casalicchio v. BOKF, NA*, 951 F.3d 672, 678 (5th Cir. 2020) (holding that bank's failure to provide contractually required 30 days' notice to cure "was but a 'minor defect,' insufficiently prejudicial to justify setting aside an otherwise valid foreclosure sale").

## DENIAL OF JURY TRIAL

In their first issue on appeal, the Casalicchios contend that "[t]he justice court did not have jurisdiction to hear the eviction case because the judge made a conscious decision to violate his oath of office and deny the Casalicchios their inviolate right to a jury trial in direct violation of [Article I, section 15 of the Texas Constitution]." The Casalicchios further argue that, because the justice court had no jurisdiction, the county court had no appellate jurisdiction over the justice court's "void" judgment and should have dismissed the appeal.[2]

---

[2] Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. GOV'T CODE § 27.031(a)(2); TEX. PROP. CODE § 24.004; TEX. R. CIV. P. 509.8.

The Casalicchios' assertion rests on the false premise that a judgment rendered by a trial court after wrongfully denying a party a jury trial[3] is void, i.e., an action taken by a court without jurisdiction, rather than voidable, i.e., an error committed by a court with jurisdiction. A judgment is void, rather than voidable, when it is apparent that the court rendering judgment had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding)). If the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (*citing Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)); *see also PNS Stores, Inc. v. Rivera*, 379 S.W.3d

---

[3] We note that in eviction cases in justice court, "[a]ny pary may file a written demand for a trial by jury by making a request to the court at least 3 days before the trial date." TEX. R. CIV. P. 510.7(b). "The demand must be accompanied by payment of a jury fee or by filing a Statement of Inability to Afford Payment of Court Costs." *Id.* If a jury is demanded by either party, the jury will be impaneled and sworn as in other cases; and after hearing the evidence it will return its verdict in favor of the plaintiff or the defendant." *Id.* "If no jury is timely demanded by either party, the judge will try the case." *Id.*

The Casalicchios argue that they attempted to file a request and pay a jury fee but were prohibited from doing so because the justice court had suspended jury trials because of damage to its courthouse caused by Hurricane Harvey. For purposes of this opinion, we will assume without deciding that the justice court erred by denying the Cassalicchios a jury trial in the justice court. We do note, however, that the justice court ruled in the Cassalichios' favor even without a jury trial.

5

267, 273 (Tex. 2012) (stating, "The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process."). Errors other than lack of jurisdiction, such as "a court's action contrary to a statute or statutory equivalent," merely render the judgment voidable so that it may be "corrected through the ordinary appellant process or other proper proceedings." *Reis*, 118 S.W.3d at 443 (citing *El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189 (Tex. 1981) and *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985)). In other words, a trial court has jurisdiction to err, but it cannot act without personal or subject-matter jurisdiction in doing so.

The Casalicchios cite no authority to support their claim that the erroneous denial of a properly requested jury trial is an issue of personal or subject-matter jurisdiction. Similarly, appellants cite no cases vacating a judgment as void after the erroneous denial of a jury trial. To the contrary, cases addressing the erroneous denial of a jury trial do not vacate the subsequent judgment as void; instead, they reverse the trial court's judgment and remand for further proceedings. *See In re J.M.*, No. 12-19-00353-CV, 2020 WL 1528054, at *10–11 (Tex. App.—Tyler March 31, 2020, no pet.) (holding denial of jury trial constituted error, but was harmless); *Brubaker v. Brubaker*, 03-18-00273-CV, 2019 WL 6205518, at *4 (Tex. App.—

6

Austin Nov. 21, 2019, no pet.) (holding appellant was denied right to jury trial and reversing and remanding for new trial); *In re Raynes*, 2016 WL 4208111, *5 (Tex. App.—San Antonio Aug. 10, 2016, no pet.) (same); *Manderscheid v. Laz Parking of Tex., LLC*, 506 S.W.3d 521, 528–29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (same); *Davidson v. State*, 225 S.W.3d 807, 811–12 (Tex. App.—Fort Worth 2007, no pet.) (holding appellant denied constitutional right to jury trial and reversing and remanding for trial).

In this case, there is no question that the justice court had subject-matter jurisdiction over the forcible-entry-and-detainer action. *See* TEX. PROP. CODE § 24.004; TEX. GOV'T CODE § 27.031(a)(2). And, there is no issue of personal jurisdiction, much less one rising to the level of a due-process violation. Thus, even if we were to assume that the justice court erred in denying the Casalicchios' request for a jury trial, such error would not mean that the justice court lacked jurisdiction to enter the judgment. Put another way, the justice court's judgment, even if erroneous, was not void. Because the justice court had jurisdiction, its judgment was not void and the county court had appellate jurisdiction over that judgment. *See* TEX. R. CIV. P. 509.8.

Accordingly, we overrule issue one and deny the Casalicchios' request to vacate and dismiss the appeal.

**JURISDICTION OF JUSTICE COURT OVER POSSESSION ISSUE**

In issue two, the Casalicchios argue that "even if the justice court had permitted the right to a jury it still lacked jurisdiction because the ownership of the property was so intertwined with possession that no court had jurisdiction to decide possession." The Casalicchios further contend that "[u]ntil title is finally determined there is no court that has jurisdiction to decide the right of possession and the decision below should be vacated."

"[N]either a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). To prevail in a forcible detainer action, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession; the plaintiff does not need to prove title. *Id.* "However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Id.* at 557. "A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Id.* at 558 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). "[N]ot only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established

8

just such a system." *Dormady*, 61 S.W.3d at 558 (quoting *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.)).

The Casalicchios contend that the foreclosure was flawed because they were only given 23 days to cure their default, rather than the 30 days they were contractually allowed by the Deed of Trust. They further argue that FHLMC was aware of the deficient notice at the time it purchased the property. Thus, the Casalicchios argue that FHLMC is not entitled to possession because it does not have proper title to the property.

However, when "a landlord-tenant relationship is established in the original deed of trust[,] [t]he landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property." *Dormady*, 61 S.W.3d at 559. Even when the validity of a deed is challenged, courts have held that the issue of possession may be determined without addressing title when a landlord-tenant relationship is established through a deed of trust. *See Chevalier v. Roberson*, No. 01-15-00225-CV, 2016 WL 1590993, at *3 n.2 (Tex. App.—Houston [1st Dist.] Apr. 19, 2016, no pet.) (mem. op.) ("[Appellant] has the right to sue in district court to determine whose deed is valid."); *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding appellant had right to sue in district court to determine whether appellee's deed should be cancelled because of wrongful foreclosure, but that determination is

9

independent of entitlement to immediate possession in forcible detainer action); *Dormady*, 61 S.W.3d at 558 (citing *Hewitt*, 90 S.W.2d at 818–19) ("[I]f the forcible detainer defendants desired to attack the validity of the sale made under the deed of trust, they could proceed with a suit in the district court.").

Here, the deed of trust provided:

> If the Property is sold pursuant to this Section 22, Borrower [the Casalicchios] or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser [FHLMC] at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Because there was a basis for determining possession without resolving the ultimate issue of title, we hold the trial court had subject-matter jurisdiction to hear the forcible detainer action. *See Dormady*, 61 S.W.3d at 557–59.

We overrule issue two.[4]

## PROPRIETY OF SUMMARY JUDGMENT

In issue three, the Casalicchios contend that "[e]ven if the county court could consider the merits, the plaintiff's motion for summary judgment failed to meet the requirements in TEX. R. CIV. P. 166a." Specifically, the Casalicchios claim that

---

[4]  We also note that, to the extent the Casalicchios are claiming that the title dispute must be determined before the issue of possession, the title dispute that was pending in federal court has been resolved against the Casalicchios. *See Casalicchio v. BOKF, NA*, 951 F.3d 672, 678 (5th Cir. 2020).

10

FHLMC's summary judgment evidence was both incompetent and conflicting and raised fact issues that cannot be resolved by summary judgment.

Forcible detainer occurs when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is: (1) a tenant or subtenant willfully and without force holding over after termination the tenant's right of possession, (2) *a tenant* at will or *by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease*; or (3) a tenant of someone who acquired possession by forcible entry. *See* TEX. PROP. CODE ANN. § 24.002. And, an occupant of the property holding over after execution of a deed is considered a permissive tenant whose right to possession is inferior to that of the party holding title. *See Tex–Wis Co. v. Johnson*, 534 S.W.2d 895, 899 (Tex. 1976).

Therefore, to establish forcible detainer and prevail on its motion for summary judgment, FHLMC had to establish the following as a matter of law: (1) FHLMC was the owner, (2) the Casalicchios were occupants at the time of foreclosure, (3) the foreclosure was of a lien superior to the Casalicchios' right to possession, (4) FHLMC made a statutorily sufficient written demand for possession, and (5) the Casalicchios refused to leave. *See* TEX. PROP. CODE § 24.002; *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).

11

To establish its forcible detainer cause of action, FHLMC introduced a July 5, 2017 Substitute Trustee's Deed memorializing its purchase of the property at a non-judicial foreclosure sale. FHLMC also introduced the June 24, 2015 Deed of Trust, which created a tenancy at sufferance between FHLMC and the Casalicchios. FHLMC also introduced an affidavit from FHLMC's eviction counsel, in which counsel averred that "[o]n 12.15.2017 a Notice to Vacate and Demand for Possession was sent by certified mail . . . to Defendant(s) Guilherme Casalicchio, Iula Casalicchio, and/or all occupants of 13419 Preston Cliff Court, Houston, Texas, 77077, demanding that Defendant(s) vacate the Subject Property or forcible detainer proceedings would be commenced against them and all other occupants." And, the Casalicchios, by continuing to challenge FHLMC's right to possession, have admitted that they remain in possession of the property. *See Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) (noting that by continuing to prosecute appeals tenant "tacitly conceded" continued possession of disputed property because competing claims to possession would be moot otherwise).

With this evidence, FHLMC established the elements of its forcible detainer cause of action by showing: (1) it bought the property at a foreclosure sale, (2) the Casalicchios occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to the Casalicchios' right to possession, (4) FHLMC made a

12

statutorily proper demand for possession with its notice to vacate, and (5) the Casalicchios refused to surrender possession. The evidence sufficiently established FHLMC had an immediate right to possession. *See* TEX. PROP. CODE § 24.002; *Goggins*, 849 S.W.2d at 377. Thus, the trial court did not err in granting summary judgment in favor of FHLMC.

Nevertheless, the Casalicchios contend that the evidence introduced by FHLMC raises fact issues about when and where the foreclosure took place and whether the foreclosure was proper. The Casalicchios also argue that no tenancy at sufferance was created and the foreclosure was invalid because they did not receive 30 days' notice before the foreclosure. However, these issues go to the validity of the foreclosure, i.e., the validity of FHLMC's title, not to the issue of the right of possession. FHLMC is not required to prove that its title is valid. To prevail in its forcible detainer action, FHLMC need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Goggins*, 849 S.W.2d at 377. The Casalicchios' allegations concerning the propriety of the foreclosure or challenges to FHLMC's deed or title to the property cannot be considered in this action. *See* TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title"); *Goggins*, 849 S.W.2d at 377.

We overrule the Casalicchios' third issue.

## CONCLUSION

We affirm the trial court's judgment.


                                        Sherry Radack
                                        Chief Justice


Panel consists of Chief Justice Radack and Justices Kelly and Rivas-Malloy.