**Opinion of October 5, 2021 Withdrawn; Affirmed as Modified and Substitute Opinion filed December 23, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00813-CR

---

**JOSE WERNER MUNGUIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1505214**

---

## S U B S T I T U T E   O P I N I O N

We withdraw our opinion of October 5, 2021 and issue this substitute opinion.

Does the recitation in the trial court's written judgment that appellant "waived the right of trial by jury" control in the absence of any contrary evidence in the record? Yes, and defendants and their counsel should read those judgments and object, if appropriate, while there is time to modify any errors.

Appellant was charged with the offense of aggravated assault with a deadly weapon. Tex. Penal Code Ann. § 22.02(a), (b). After a bench trial, the trial court found appellant guilty and assessed punishment at imprisonment for 18 years. Tex. Penal Code Ann. § 12.33(a).

In his sole issue on appeal, appellant contends we must reverse and remand for a new trial because his state and federal constitutional right to a jury trial was violated after the trial court conducted a bench trial without appellant's waiver of his right to trial by jury.[1] Although the record does not contain appellant's oral or written statement indicating a waiver of his right to a jury trial, the judgment recites that appellant "waived the right of trial by jury." Following binding precedent from the court of criminal appeals, we affirm the trial court's judgment as challenged on appeal, though we modify the trial court's judgment to delete an incorrect special finding that appellant waived his right to appeal.

## I. BACKGROUND

In March 2019, the trial court's docket sheet reflects that appellant requested a new trial date for a jury trial. The trial was reset to September 30, 2019. The court's docket sheet reflects that a "Court Trial" began on September 30 and continued for two additional days. On October 2, the final day of trial, appellant filed an election requesting that the judge assess punishment in the event a verdict

---

[1] Appellant did not preserve error in the trial court on this issue. *See Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014) ("even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial"). However, appellant raises only structural error in this appeal. Structural error may be raised for the first time on appeal barring an express waiver of the right. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). Only federal constitutional errors can be "structural," though most federal constitutional errors are not structural. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017). However, this court has previously held that denial of a defendant's right to a jury trial is a structural error. *In re R.R.*, 373 S.W.3d 730, 736 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Green v. State*, 36 S.W.3d 211, 216 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

of guilty is returned by the jury. Appellant relies on the foregoing evidence to establish that he requested and wanted a jury for the guilt phase of trial.

Though the reporter's record contains no reference or discussion of the waiver of the right to trial by jury, the judgment contains the following language:

> "Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any. The Court **ADJUDGES** Defendant **GUILTY** of the offense indicated above."

## II. ANALYSIS

### A. Motion to Abate

On July 25, 2020, the State filed a motion in this court seeking an abatement of the case, so that this court could direct the trial court to "[detail] the pre-trial colloquy between the appellant, the attorneys, and the trial court and any other proceedings omitted regarding the waiver of jury trial issue[.]" The reviewing panel at the time denied the motion due to the nature of the relief sought by the State.

On June 29, 2021, this court issued an order in the above case abating the appeal and directing the trial court to make findings of fact and conclusions of law on whether appellant waived his right to a jury trial. On July 2, 2021, appellant filed a motion for reconsideration of this court's order to abate the appeal for findings of fact and conclusions of law from the trial court. Appellant raised two issues in his motion: (1) the law-of-the-case doctrine precluded this court from issuing its June 2021 abatement order and (2) this court did not have the power to abate the case and order a supplement to the record in this appeal.

Appellant's first issue for reconsideration was without merit, because there has been no final determination of the appeal. "The legal principle or doctrine of 'the law of the case' in its most basic form provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal." *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987). The doctrine applies when a court of appeals is asked to pass on a matter previously determined[2] by the court of criminal appeals, as intermediary appellate courts do not have the authority to alter a prior decision of the high court. The doctrine has also been held to apply, in some situations, when a court of appeals is asked to pass on a matter it has itself previously determined regardless of whether discretionary review by the court of criminal appeals was sought or granted on other grounds.[3] *See Carroll v. State*, 101 S.W.3d 454, 460 n.35 (Tex. Crim. App. 2003) (doctrine was discussed as if it were

---

[2] When the facts, parties and legal issues are virtually identical with those in a previous appeal in which the legal issues were resolved, the appeals will be viewed as the same case. *Ware v. State*, 736 S.W.2d 700, 710 (Tex. Crim. App. 1987).

[3] Though the court of criminal appeals has indicated that a determination must be made by a "court of last resort," the case law is not clear which court or courts constitute a court of last resort. *See* 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 56:1540 (3d ed. 2011 & Supp. 2020) (The "Law of the Case"). Similarly in the civil context, the doctrine unquestionably applies when an intermediate court of appeals is asked to consider a legal issue already decided by the supreme court. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (doctrine of law-of-the-case is properly "that principle under which questions of law *decided on appeal to a court of last resort* will govern the case throughout its subsequent stages.") (emphasis added). However, the binding effect of a prior decision of an intermediate appellate court on itself is often misunderstood. In a subsequent appeal of the same case, *generally* a court of appeals will be bound by its prior determination of an issue; however, the doctrine does not absolutely bar reconsideration of an issue on a second appeal and its application lies within the discretion of the court if the court concludes its prior determination was erroneous or merits reconsideration. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012); *cf. Musacchio v. United States*, 577 U.S. 237, 245 (2016) ("The doctrine expresses the practice of courts generally to refuse to reopen what has been decided, but it does not limit courts' power.") (internal quotation marks and citations omitted). Regardless, the doctrine has no application in ongoing appeals either in the civil or criminal context; therefore, an appellate court is not "bound" by any prior determinations it has made in an ongoing civil or criminal appeal.

invoked by any appellate determination); *see also See* 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 56:1540 (3d ed. 2011 & Supp. 2020) (The "Law of the Case"). However, it does not apply in any event until there has been a "final" determination in an appeal. Even a case returned on remand is not subject to the doctrine, as it is "the same appeal in the same court that made the initial determination." *Carroll*, 101 S.W.3d at 460 n.35. "Neither party has a 'settled expectation' concerning the final resolution of an appeal which is still pending." *Id*. Here, this court's prior denial of a motion to abate was nothing more than an interlocutory ruling in an appeal in which there had not yet been a "final" determination. Therefore, the law-of-the-case doctrine is inapplicable and does not preclude this court from reconsidering its prior interlocutory decision.

However, we granted appellant's motion because appellant's arguments challenging the authority of this court to direct the trial court to make findings of fact and conclusions of law on the issue of appellant's jury waiver had merit. Appellant properly requested all parts of the clerk's record and reporter's record. Therefore, there is no partial or incomplete reporter's record as contemplated by the Rules of Appellate Procedure. The court of criminal appeals has held "the supplementation rules, Rules 34.5(c) and 34.6(d), cannot be used to create a new record." *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007); *see also* Tex. R. App. P. 34.5(c) (supplementation of clerk's record); Tex. R. App. P. 34.6(d) (supplementation of reporter's record). However, Rule 34.5(c) provides that an appellate court in a criminal case *can* order the trial court to prepare and file findings of fact and conclusions of law as required by law. Tex. R. App. P. 34.5(c)(2) ("If the appellate court in a criminal case orders the trial court to prepare and file findings of fact and conclusions of law as required by law . . . the trial

court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions."). The critical limitation of this provision is found in the language "as required by law." *See Berry v. State*, 995 S.W.2d 699, 701–02 (Tex. Crim. App. 1999). "'[A]s required by law' means that there is some affirmative duty imposed by the legislature upon the courts to make findings of fact and conclusions of law." *Id*. at 702. Because the law does not require a trial court to make findings of fact and conclusions of law on whether a defendant waived his or her right to a jury trial, the supplementation rules do not empower this court to direct the trial court to make findings of fact and conclusions of law in this instance.

Texas Rule of Appellate Procedure 44.4 allows the creation of a new record in certain circumstances. It authorizes an appellate court to direct the trial court to correct an erroneous action or failure or refusal to act that prevents the proper presentation of a case to the court of appeal. Tex. R. App. P. 44.4(a), (b). The court of criminal appeals has approved abatement and direction to the trial court to create a new record, sometimes in the form of findings of fact and conclusions of law, as necessary and proper in several contexts when the trial court was required to take certain action and failed to do so. *See Hutchinson v. State*, 86 S.W.3d 636, 638 n.1 (Tex. Crim. App. 2002) (trial court did not conduct proper *Batson* hearing); *Spence v. State*, 758 S.W.2d 597, 599–600 (Tex. Crim. App. 1988) (trial court refused to permit defendant to make offer of proof or bill of exception); *Bonham v. State*, 644 S.W.2d 5, 8–9 (Tex. Crim. App. 1983) (trial court did not reduce to writing its findings of fact and conclusions of law on disputed fact issues surrounding taking of confession). However, the court of criminal appeals has not authorized appellate courts to require the trial court to create a new record unless the trial court's error affected the proper presentation of the case to the appellate court and the error was

remediable. *See Fakeye v. State*, 227 S.W.3d 714, 718 (Tex. Crim. App. 2007) (trial court's error in not admonishing appellant as to deportation consequences of his plea was not remediable error under Rule 44.4). Though several of our sister appellate courts have abated appeals for the purpose of directing the trial court to make findings of fact and conclusions of law on jury waiver,[4] we conclude that the lack of a written or oral jury waiver is not remediable error and does not prevent appellant from presenting his case on appeal. *See Hutchinson*, 86 S.W.3d at 638 n.1; *Fakeye*, 227 S.W.3d at 718. Accordingly, we granted appellant's motion to reconsider, vacated our June 29, 2021 order, and reinstated the appeal.

We now address the merits of the appeal.

## B.    Right of appeal

Although no party has raised this issue, we first address a conflict in the record regarding appellant's right of appeal. The trial court signed a certification of defendant's right of appeal (CODRA) stating that this case "is not a plea-bargain case, and the defendant has the right of appeal." In its judgment, however, the trial court made the following special finding: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

This court has the power to correct and reform the judgment of the court

---

[4] *Rios v. State*, 626 S.W.3d 408, 410–11 (Tex. App.—Dallas 2021, pet. filed) (abated on appellant's motion to permit trial court to conduct hearing and to make findings of fact and conclusions of law on jury waiver); *Snider v. State*, No. 08-12-00050-CR, 2013 WL 6671510, at *1 (Tex. App.—El Paso Dec. 18, 2013, pet. ref'd) (mem. op., not designated for publication) ("Because the exchange between the trial court and defense counsel raised the possibility that Appellant had expressly waived her right to a jury prior to trial, we abated the appeal for the trial court to conduct a hearing to determine whether Appellant had in fact waived the jury."); *Davidson v. State*, 225 S.W.3d 807, 808 (Tex. App.—Fort Worth 2007, no pet.) (abated to determine whether appellant waived right to a jury trial and was denied effective assistance of counsel); *Jackson v. State*, 76 S.W.3d 798, 800 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (abated to determine whether appellant waived right to jury trial and consented to bench trial).

below "to make the record speak the truth" when it has the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (Onion, J., retired presiding judge of Court of Criminal Appeals, sitting by designation and writing en banc court's opinion); *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of *Asberry*). In a criminal case, Texas Rule of Appellate Procedure 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified") and its predecessors function in part as a means for the appellate court to render judgment nunc pro tunc when the written judgment does not reflect what occurred in open court at trial. Tex. R. App. P. 43.2(b); *see Asberry*, 813 S.W.2d at 529 ("Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record."). The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Asberry*, 813 S.W.2d at 529–30. "The appellate court may act sua sponte and may have the duty to do so." *Id.* at 530.

Here, the record supports the trial court's CODRA. Specifically, the record shows that this case was not a plea-bargain case, as appellant did not plead guilty or nolo contendere, and accordingly the rules restricting appeal in such circumstances do not apply. *See* Tex. R. App. P. 25.2(a)(2); Tex. Code Crim. Proc. Ann. art. 44.02. Under these circumstances, we conclude that the trial court's special finding of "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." was a clerical error, and we modify the judgment to delete that special finding. Tex. R. App. P. 43.2(b); *see Asberry*, 813 S.W.2d at 529–30.

8

## C.    Jury waiver

In his sole issue on appeal, appellant contends there is structural error in the judgment because the trial court conducted a bench trial without appellant's waiver of his right to trial by jury. The right to a jury trial at the guilt stage is both a statutory right and a constitutional right.[5] *See* U.S. Const. art. III, § 2 & amend. VI; Tex. Const. art. I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12; *see also Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). A defendant has the right to waive a trial by jury. *See Adams v. United States*, 317 U.S. 269, 275 (1942); *Hobbs*, 298 S.W.3d at 197; *see also* Tex. Code Crim. Proc. Ann. art. 1.13(a). As a matter of protecting a defendant's constitutional right to a jury trial, the State must establish on the record an express, knowing, and intelligent waiver. *See Hobbs*, 298 S.W.3d at 197. A defendant's mere acquiescence in proceeding to trial without a jury does not constitute an express waiver. *See Ex parte Lyles*, 891 S.W.2d 960, 962 (Tex. Crim. App. 1995).

Neither the federal nor the state constitution requires that trial by jury be waived in writing. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002); *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993). The legislature has "chosen to observe careful regulation of that constitutional right by specifying how that right may be waived." *Sadberry*, 864 S.W.2d at 543. Code of Criminal Procedure article 1.13(a) sets out the required formalities of a jury waiver in Texas. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a). It provides that the defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be made in person by the defendant in writing in

---

[5] A criminal defendant has no constitutional right to have a jury determine punishment. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). In Texas, however, a criminal defendant has the statutory right to elect to have the jury assess punishment. *See* Tex. Code Crim. Proc. Ann. arts. 26.14, 37.07, § 2(b).

open court with the consent and approval of the court, and the attorney representing the state." *Id*. Here, it is undisputed there is no written waiver of the right to trial by jury for the guilt stage. Thus, the trial court erred by failing to observe the mandatory requirements of article 1.13. *See Johnson*, 72 S.W.3d at 347–48. However, failure to observe the requirements of article 1.13 is statutory error, not constitutional or structural. *Id*. at 348. Because appellant only asserts structural error in this appeal, we consider only whether the record establishes an express, knowing, and intelligent waiver of the right to trial by jury. *See Hobbs*, 298 S.W.3d at 197.

A jury waiver is never presumed from a silent record, at least on direct appeal. *See Samudio v. State*, 658 S.W.2d 312, 314 (Tex. Crim. App. 1983). However, we do not have a silent record before us in this appeal. There is a judgment, rendered by the trial court, which states appellant waived his right to a jury trial. In the context of performing a harm analysis to address statutory error, the court of criminal appeals in *Johnson* discussed the presumptions applicable to a recital of waiver of the right to trial by jury:

> The judgment recites that Johnson "waived trial by jury." That recitation is "binding in the absence of direct proof of [its] falsity." If Johnson "waived" a jury trial, then he must have known about his right to a jury trial, otherwise he could not have waived it. The very use of the term "waive" presumes knowledge, because "to waive a right one must do it knowingly—with knowledge of the relevant facts." In addition, "waiver" is defined as "the act of waiving or intentionally relinquishing or abandoning a known right, claim, or privilege."

*Johnson*, 72 S.W.3d at 349 (internal citations omitted). The *Johnson* court reasoned that a recitation of a waiver of the right to a jury trial is "binding in the absence of direct proof of [its] falsity." *Id*. (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). Without direct proof, the

appellant cannot overcome the presumption of regularity in the judgment. *See id.*

As in *Johnson*, the judgment here recites that appellant "waived the right of trial by jury." *See id.*[6] The discussion and holding in *Johnson*, though raised in a different context, determine our review of the judgment and appellate record before us. We conclude that the recitation of a waiver of jury trial is sufficient to establish the waiver of appellant's constitutional right to a jury trial, unless there is direct proof of its falsity.

Appellant argues that documents in the record "literally indicate[] [appellant] sought a trial by jury" and overcome the presumption of regularity and truthfulness in the judgment. Appellant first relies on language in his election to have the trial court sentence him "in the event a verdict of guilty is returned by the Jury." Because a waiver of jury trial "effectively waives not only [a defendant's] right to have a jury determine his guilt or innocence, but also his right to have a jury assess punishment," appellant argues that this election would be redundant if he had intended to elect a bench trial for the guilt phase. *See Edwards v. State*, 273 S.W.3d 919, 922 (Tex. App.—Houston [14th Dist.] 2009). The election was filed with the trial court on the day the punishment phase of trial began (the last day of a three-day trial) and generally tracks the provisions of Code of Criminal Procedure article 37.07. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) ("in other cases where the defendant so elects in writing before the commencement of the voir dire

---

[6] Appellant also does not contend he lacked the opportunity to review the judgment and object. The judgment, which contains appellant's fingerprint, is very conspicuously titled "Judgment of Conviction by Court—Waiver of Jury Trial." While we realize that in criminal cases the focus is still on oral imposition of sentence in open court, the complexity of modern criminal written judgments has grown to the point that significant items in the modern judgment are not orally pronounced in open judgment. Defendants and their counsel need to review those judgments because not everything can be fixed for the first time on appeal using the *Asberry* and *French* nunc pro tunc practice. It begs the question of whether counsel is effective if counsel does not review the written judgment.

11

examination of the jury panel, the punishment shall be assessed by the same jury . . . [i]f a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment").

Given appellant's timing in filing his election, the election was redundant no matter whether appellant intended to waive a jury trial for the guilt phase or not. It is unclear what appellant intended in filing the election, and we cannot speculate about appellant's intentions outside the record. Even if we presume the election form provided some circumstantial evidence that appellant desired a jury trial for the guilt phase of trial, it is not direct proof that he did not waive his right to a jury trial. *See generally Crawford v. State*, 502 S.W.2d 768, 769 (Tex. Crim. App. 1973) ("This court has for some time held that the distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proved, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proved."). Therefore, we conclude that appellant's election for the trial court to assess punishment, in the event the jury returns a finding of guilty, filed during or after the guilt phase of a bench trial, is not direct evidence of the falsity of the jury-waiver recital in the judgment. *Cf. Davidson v. State*, 225 S.W.3d 807, 808 (Tex. App.—Fort Worth 2007, no pet.) (defendant met his burden through testimony that his counsel waived jury trial without his knowledge or consent and tried to silence defendant when defendant became concerned after realizing there was no jury).

The other proof appellant offers in support of his argument is the court's docket sheet and a case-reset form. The case-reset form reflects that in July 2019, the defense requested a reset of a jury trial.[7] A case-reset request submitted months

---

[7] The case reset form appears to identify the type of setting as "JTR." For purposes of

in advance of trial proves only the fact that appellant requested a jury trial setting at that time, but it does not constitute direct evidence that the recital in the judgment is false. Similarly, the court's docket sheet reflects that appellant's case was designated as a jury-trial setting up until the day of trial, though the setting was changed to a court trial on the day of trial. The docket sheet provides direct proof of the fact that appellant's trial was designated as a jury-trial setting until the time of trial, and therefore can, at best, be characterized as some circumstantial evidence. However, it is not direct proof of the falsity of the recitals in the judgment. We conclude appellant has not identified any direct proof of the falsity of the recitals in the judgment.

Appellant further suggests that the jury-waiver recitation in this case is not presumptively true, because it is included in "boilerplate" language from a preprinted judgment form. Yet, the recitation in *Johnson* was no different: the defendant there similarly waived his right to a jury trial in a preprinted judgment form. *Johnson*, 72 S.W.3d at 349, 352. And the Code of Criminal Procedure requires that trial courts use the judgment forms promulgated by the Office of Court Administration for felony convictions. Tex. Code Crim. Proc. Ann. art. 42.01, § 4. The presumption of regularity applies to all judgments, including form judgments.[8] *See Breazeale*, 683 S.W.2d at 450. Therefore, the fact the recitals at issue are from a pre-printed judgment is not material. *See id.*; *see also* 43 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 40:6 (3d ed. 2011 & Supp. 2020) ("The Court then concluded that the printed

---

argument, we presume this abbreviation reflects jury trial requested.

[8] The formal judgment addressed by the court of criminal appeals in *Breazeale* was also a form judgment with "boilerplate" language. *See Breazeale v. State*, 655 S.W.2d 230, 232 (Tex. App.—Houston [14th Dist.] 1983), *rev'd*, 683 S.W.2d 446 (Tex. Crim. App. 1984) ("The form judgment contains the recitation, 'the Defendant, in person and in writing, in open court, having waived his right of trial by jury[.]'").

language in the judgment that Johnson "waived trial by jury" was sufficient to show that he entered a voluntary, knowing, and intelligent waiver of his right to trial by jury that would stand in the absence of contradictory evidence"); *Ramirez v. State*, No. 01-12-00339-CR, 2013 WL 1183304, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem op., not designated for publication) ("Ramirez raises no irregularity casting doubt on the adequacy of the waiver recited in the required judgment forms.").

As an intermediate court of appeals, we are bound to follow the precedent of the court of criminal appeals. *See* Tex. Const. art. V, § 5(a) (providing that court of criminal appeals is final authority for interpreting criminal law in Texas). The recitation in the judgment established appellant's wavier of his right to trial by jury. And without direct evidence of the falsity of the recitals in the judgment, we are bound to presume the truthfulness and regularity of those recitals. *See Johnson*, 72 S.W.3d at 349; *Breazeale*, 683 S.W.2d at 450. Because appellant has not identified any direct proof of the falsity of the recitals in the judgment, we conclude there is no structural error in the judgment rendered by the trial court.

We overrule appellant's sole issue.

### III.  CONCLUSION

We modify the trial court's judgment to delete the special finding, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Having overruled appellant's sole issue on appeal, we affirm, as modified, the trial court's judgment as challenged on appeal. Tex. R. App. P. 43.2(b).

/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

Publish — Tex. R. App. P. 47.2(b).